Nos.  2--02--0910 & 2--02--0909 cons.

     

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) of Du Page County.

) 

Plaintiff-Appellee, ) 

)

) No. 01--CF--3030

     )

 PAUL A. SMITH, ) Honorable

) George J. Bakalis,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

THE PEOPLE OF THE STATE OF         ) Appeal from the Circuit Court 

ILLINOIS,     ) of Du Page County.

     )

Plaintiff-Appellee,     )

     )

v.     ) No. 02--CF--559

     ) 

GEORGE NELSON,     ) Honorable 

     ) George J. Bakalis,

Defendant-Appellant.     ) Judge, Presiding.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

In case No. 01--CF--3030, the defendant, Paul Smith, was convicted of aggravated driving while license revoked (DWLR) (625 ILCS 5/6--303(a), (d) (West 2000))
, a Class 4 felony.  Smith was sentenced to 60 days' imprisonment in the Du Page County jail and two years' probation.  On appeal, Smith argues that, in sentencing him as a Class 4 felony DWLR offender, the trial court improperly considered a prior conviction of driving under the influence (DUI) that had resulted from a bond forfeiture.  

In case No. 02--CF--559, the defendant, George Nelson, was convicted of aggravated DUI (625 ILCS 5/11--501(a)(2), (c-1)(3) (West 2002)), a Class 2 felony, and of obstructing justice (720 ILCS 5/31--4(a) (West 2002)), a Class 4 felony.  Nelson was sentenced to two concurrent terms of six years' imprisonment in the Illinois Department of Corrections.  On appeal, Nelson argues that, in sentencing him as a Class 2 DUI felony offender, the trial court improperly considered a prior conviction of DUI that had resulted from a bond forfeiture.  He additionally argues that the trial court erred in imposing an extended-term sentence for his obstructing justice conviction.

At issue in both case No. 01--CF--3030 and case No. 02--CF--559 is whether a trial court may consider a conviction that arose from a bond forfeiture in imposing an enhanced sentence.   Therefore, on July  18, 2003, we consolidated the two cases to facilitate review of that issue.  

BACKGROUND

Case No. 01--CF--3030

On October 26, 2001, Smith was charged by indictment with aggravated DWLR (625 ILCS 5/6--303(a), (d) (West 2000)
).  The indictment alleged that (1) Smith had committed the offense while his driver's license was revoked for DUI and (2) Smith previously 
had been convicted of DWLR.

The trial court conducted a bench trial.  Wheaton police officer Dennis Smith testified that on October 26, 2001, he observed a vehicle traveling on Butterfield Road at a high rate of speed.  Officer Dennis Smith used a handheld radar device and determined that the vehicle was traveling 62 miles per hour.  The speed limit on Butterfield Road was 40 miles per hour.  Officer Dennis Smith stopped the vehicle, which was driven by Smith.  When officer Dennis Smith asked Smith for his license, Smith stated that his license was revoked. 

The State introduced a driver's abstract from the Illinois Secretary of State's office.  The driver's abstract revealed that Smith's driver's license had been revoked since 1986 due to a DUI conviction.  The 1986 conviction and subsequent revocation resulted from a bond forfeiture.  The driver's abstract further revealed that Smith had previously committed offenses of DWLR in 2000 and in August 2001.  Following the trial, the trial court found Smith guilty of DWLR.

At the sentencing hearing, the trial court determined that the 1986 bond forfeiture conviction of DUI and subsequent revocation could be considered for purposes of enhancing Smith's DWLR offense under section 6--303(d) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/6--303(d) (West 2000)).  In considering Smith's prior DUI conviction, along with his previous convictions of DWLR, the trial court sentenced Smith, as a Class 4 DWLR offender, to 60 days' imprisonment in the Du Page County jail and 2 years' probation.  Smith thereafter filed a timely appeal.  

Case No. 02--CF--559

On March 26, 2002, Nelson was charged by indictment with aggravated DUI (625 ILCS 5/11--501(a)(2), (c-1)(3) (West 2002)
).  The indictment alleged that (1) Nelson committed the offense while his driver's license was revoked for DUI and (2) Nelson had previously committed three or more violations of DUI.  Nelson was also charged by indictment with obstructing justice (720 ILCS 5/31--4(a) (West 2002))
. 

The trial court held a stipulated bench trial on the aggravated DUI charge.  At the trial, the State proffered that on January 7, 2002, Wheaton police officer Claiendo conducted a traffic stop on a motor vehicle driven by Nelson for improper lane usage and failure to signal.  Officer Claiendo observed that Nelson had red and glassy eyes, a strong odor of alcohol on his breath, and slurred speech.  Nelson had difficulty performing field sobriety tests.  Nelson admitted to Officer Claiendo that he had been drinking.  Following the introduction of this stipulated evidence, the trial court found Nelson guilty of DUI.    

Nelson pleaded guilty to the obstructing justice charge.
  According to the State, when Nelson was arrested on January 7, 2002, for DUI, he told police that his name was Charles Racer.  Nelson also presented police with false identification.   

At the sentencing hearing, the State presented a driver's abstract from the Illinois Secretary of State's office.  The driver's abstract revealed that Nelson's driver's license had been revoked since 1966 for DUI.  The driver's abstract further revealed that Nelson had five prior convictions of DUI, two in 1966 and one in 1971, 1986, and 1995.  Nelson's convictions of DUI in 1966 and 1971 were the result of bond forfeitures.  

The trial court determined that the bond forfeiture convictions of DUI could be considered for purposes of enhancing Nelson's DUI offense under section 11--501 (c-1)(3) of the Vehicle Code (625 ILCS 5/11--501(c-1)(3) (West 2002)).  The trial court subsequently sentenced Nelson, as a Class 2 DUI offender, to a term of six years' imprisonment in the Illinois Department of Corrections on the aggravated DUI conviction.  The trial court sentenced Nelson to a maximum extended term of six years' imprisonment in the Illinois Department of Corrections on the obstruction of justice conviction.  The court ordered that Nelson's sentences run concurrently.  Following the denial of his motion to reconsider sentence, Nelson filed a timely appeal.     

DISCUSSION

Case No. 01--CF--3030

     On appeal, Smith contends that the trial court improperly considered a prior DUI conviction and revocation that had resulted from a bond forfeiture in sentencing him as a Class 4 felony DWLR offender.  Section 6--303(a) of the Vehicle Code provides that a defendant commits the offense of DWLR if he or she:

 "drives or is in actual physical control of a motor vehicle on any highway of this State

at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the law of another state."  625 ILCS 5/6--303(a) (West 2000).

Generally, DWLR is a Class A misdemeanor.   625 ILCS 5/6--303(a) (West 2000).

However, DWLR may be enhanced to a Class 4 felony, upon the existence of certain aggravating circumstances.  625 ILCS 5/6--303(d) (West 2000)
. 
 
In particular, section 6--303(d) of the Vehicle Code, the section under which Smith was convicted, provides:

 "Any person convicted of a second or subsequent violation of this Section shall be

guilty of a Class 4 felony  if the original revocation or suspension was for a violation of Section 11--401 or 11--501 of this Code, or a similar out-of-state offense ***. "   625 ILCS 5/6--303(d) (West 2000)
. 

The issue before us is whether a DWLR conviction can be enhanced based on a prior conviction that resulted from a bond forfeiture.  Our research has failed to reveal any previous, applicable explanations of section 6--303(d).  Accordingly, we will apply the appropriate rules of statutory interpretation.  
The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the legislature's intent.  
In re Detention of Lieberman
, 201 Ill. 2d 300, 307 (2002).  The best indicator of the legislature's intent is the language of the statute; such language should be accorded its plain or ordinary and popularly understood meaning.  All parts of the statute should be considered together.  
People v. Hanna
, 207 Ill. 2d 486, 497-98 (2003). 
 In determining the legislature's intent, the court should consider, in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought.  
People v. Donoho
, 204 Ill. 2d 159, 171-72 (2003).  Issues of statutory interpretation are questions of law subject to 
de
 
novo
 review.   
Eads v. Heritage Enterprises, Inc.
, 204 Ill. 2d 92, 96 (2003).

The plain language of section 6--303(d) reveals that the legislature intended to punish repeat DWLR offenders more severely than first-time offenders.  Pursuant to this provision, a DWLR offender with a prior conviction of DWLR may be sentenced as a Class 4 felon if the revocation was based on a violation of section 11--501 of the Vehicle Code, the DUI statute.   The two most significant words in section 6--303(d) are the terms "conviction" and "violation."  The term conviction is defined in both the Criminal Code of 1961 and the Unified Code of Corrections as: 

 "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict

or finding of guilty of an offense."  720 ILCS 5/2--5 (West 2000); 730 ILCS 5/5--1--5 (West 2000).

This definition does not include convictions based on bond forfeiture or default orders.

However, the Vehicle Code offers an alternate definition of conviction that includes convictions based on bond forfeitures or default orders.  Section 6--100(b) of the Vehicle Code provides that a conviction is:

"[a]  final adjudication of guilty by a court of competent jurisdiction either after a bench trial, trial by jury, plea of guilty, order of forfeiture, or default."  625 ILCS 5/6--100(b) (West 2000).

Section 6--204(c) of the Vehicle Code further describes the term conviction.  That section states:

 "[A] forfeiture of bail or collateral deposited to secure a defendant's appearance in

court when forfeiture has not been vacated, or the failure of a defendant to appear for trial

after depositing his driver's license in lieu of other bail, shall be equivalent to a conviction."  625 ILCS 5/6--204(c) (West 2000).

 A third provision of the Vehicle Code defines conviction.  Section 6--500 provides:

" 'Conviction' means an unvacated adjudication of guilt or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal; an unvacated forfeiture of bail or collateral deposited  to secure the person's appearance in court ***."  625 ILCS 5/6--500 (West 2000).

Finally, section 6--700(c) of the Vehicle Code states:

" 'Conviction' means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation, or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense, and which conviction or forfeiture is required to be reported to the licensing authority."  625 ILCS 5/6--700(c) (West 2000).

Giving effect to the unambiguous language in each of these provisions, we conclude that, for purposes of the offenses outlined in the Vehicle Code, 
the term "conviction" encompasses convictions that resulted from bond forfeitures or default orders.  

Our interpretation is consistent with that of the Appellate Court, First District, in 
People v. Harvey
, 5 Ill. App. 3d 499 (1972).  In 
Harvey
, the defendant was convicted of involuntary manslaughter, DWLR, leaving the scene of an accident involving personal injury, and failure to report an accident within 48 hours.  
Harvey
, 5 Ill. App. 3d at 502. 
 On appeal, the defendant complained, among other things, that his sentence was excessive because the trial court improperly considered prior DUI convictions that arose from bond forfeitures.  
Harvey
, 5 Ill. App. 3d at 507. 
 Citing to the Vehicle Code's definition of conviction, the 
Harvey
 court rejected the defendant's argument, finding that a bond forfeiture conviction was equivalent to any other conviction.  
Harvey
, 5 Ill. App. 3d at 507-08. 
 

The term "violation" is not defined by statute.  We may accordingly assume that the legislature intended for the word to possess its ordinary and popularly understood meaning.  See 
People v. Sheehan
, 168 Ill. 2d 298, 306 (1995).  This court has previously defined a violation as "an '[i]njury; infringement; breach of right, duty or law; ravishment; seduction.  The act of breaking, infringing, or transgressing the law.' "  
People v. Jones
, 306 Ill. App. 3d 793, 802 (1999), quoting Black's Law Dictionary 1570 (6th ed. 1990). 
  As is apparent, the term violation is broader in scope than the term conviction.  One may violate a statute without being convicted of such.   See 
Jones
, 306 Ill. App. 3d at 802. 
 On the other hand, one who is convicted of an offense is deemed to have violated that statute. 

 Applying our interpretation of section 6--303(d) and its terms to the present case, we determine that Smith's DWLR offense was properly enhanced to a Class 4 felony.  First, as required by section 6--303(d), Smith had a prior conviction of DWLR.  Second, Smith committed the offense while his driver's license was revoked due to a violation of the DUI statute.  We note that Smith's DUI conviction and revocation resulted from a bond forfeiture.  However,  under the Vehicle Code, a conviction that stems from a bond forfeiture is equivalent to any other conviction.  A conviction is necessarily a violation.    

Contrary to Smith's concerns, our ruling does not run afoul of the rule articulated in 
Apprendi
 
v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  In 
Apprendi
, the United States Supreme Court held that any fact, other than a prior conviction, that increases the penalty for an offense beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt
.  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  
The Supreme Court reasoned that prior convictions do not implicate 
Apprendi
 because they involve proceedings equipped with procedural safeguards.  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. 
 The defendant's previous DUI conviction, although it resulted from a bond forfeiture, falls within the prior conviction or recidivist exception to 
Apprendi
.  

Again, for purposes of the Vehicle Code, a conviction that results from a bond forfeiture is functionally equivalent to any other conviction.  Although Smith argues otherwise, bond forfeiture proceedings are not devoid of procedural safeguards.  We note that when a defendant fails to appear on charges under the Vehicle Code and consequently sustains a conviction by way of a bond forfeiture, the defendant may move to vacate that conviction.  However, when a defendant fails to avail himself of this safeguard, the legislature has permitted courts to infer that the defendant has committed the offense.  See 625 ILCS 5/6--100, 
6--204(c), 6--500, 
6--700(c) (West 2000)
.  This inference passes constitutional muster.  Highway driving is a privilege and not a right.  
People v. Jung
, 192 Ill. 2d 1, 5 (2000).  When a person obtains a driver's license, he consents to the conditions imposed by the legislature in exchange for that privilege.  
Jung
, 192 Ill. 2d at 5.
  One such condition is that a conviction that arises from a bond forfeiture is like any other conviction upon which a court may rely in imposing an enhanced sentence.
  Therefore, we find that the trial court did not err in sentencing Smith as a Class 4 DWLR offender.

Case No. 02--CF--559

Nelson similarly contends in his appeal that the trial court improperly considered a previous DUI conviction that had resulted from a bond forfeiture in sentencing him as a Class 2 felony DUI offender.  
The statute defining the offense of DUI provides in part:

"(a) A person shall not drive or be in actual physical control of any vehicle within this

State while:

(1) the alcohol concentration in the person's blood or breath is 0.08 or more based on the definition of blood and breath units in Section 11--501.2;

(2) under the influence of alcohol;

(3) under the influence of any intoxicating compound or combination of

intoxicating compounds to a degree that renders the person incapable of driving

safely[.]"  625 ILCS 5/11--501(a)(1), (a)(2), (a)(3) (West 2002).

DUI is generally a Class A misdemeanor.  625 ILCS 5/11--501(c) (West 2002).  

However, like DWLR, DUI may be enhanced upon the existence of certain aggravating circumstances. 
 DUI may be enhanced to a Class 4, Class 3, or Class 2 felony.  625 ILCS 5/11--501(c-1)(1), (c-1)(2), (c-1)(3) (West 2002).
  Section 11--501(c-1)(3) of the Vehicle Code, the section under which Nelson was convicted, states: 

"A person who violates this Section a fourth or subsequent time during a

period in which his or her driving privileges are revoked 
or suspended where the revocation or suspension was for a violation of this Section, Section 11--501.1, paragraph (b) of Section 11--401, or Section 9--3 of the Criminal Code of 1961 is guilty of a Class 2 felony."  625 ILCS 5/11--501(c-1)(3) (West 2002).   

 Our interpretation of the DUI statute is analogous to our interpretation of the DWLR statute.   The plain language of section 11--501(c-1)(3) clearly reveals the legislature's  intent to punish repeat DUI offenders more severely than first-time offenders. 
 Pursuant to this section, a DUI offender with three or more prior DUI offenses may be sentenced as a Class 2 felon if the offender has committed the present offense while his or her driver's license was revoked or suspended for a violation of the DUI statute.  625 ILCS 5/11--501(c-1)(3) (West 2002).  

Again, the word "violation" is significant.  As previously explained, a violation is "an '[i]njury; infringement; breach of right, duty or law; ravishment; seduction.  The act of breaking, infringing, or transgressing the law.' "  
People v. Jones
, 306 Ill. App. 3d 793, 802 (1999), quoting Black's Law Dictionary 1570 (6th ed. 1990). 
 The term violation is broader in scope than the term conviction.  See 
Jones
, 306 Ill. App. 3d at 802. 
 One who is convicted of an offense is deemed to have violated that statute.  

Finally, for purposes of the offenses outlined in the Vehicle Code, a conviction that arose from a bond forfeiture is equivalent to any other conviction.  625 ILCS 5/6--100(b), 
6--204(c), 6--500(8), 
6--700(c) (West 2002)
. 
 Accordingly, one who has been convicted of an offense under the Vehicle Code by way of a bond forfeiture has necessarily violated that statute.

 Applying these principles to section 11--501(c-1)(3), we conclude that the trial court properly sentenced Nelson as a Class 2 felony DUI offender.  First, as required by section 11--501(c-1)(3) , 
Nelson had three prior violations of the DUI statute.  Specifically, Nelson had five prior DUI convictions, which are prior violations.  We note that two of Nelson's DUI convictions resulted from bond forfeitures.  However, Nelson's bond forfeiture convictions are no different from any of his other convictions.  Second, Nelson committed the present offense while his driver's license was revoked for a violation of the DUI statute.  Although Nelson's conviction of DUI and subsequent revocation arose from a bond forfeiture, Nelson's driver's license was nonetheless revoked due to a violation of the DUI statute. 

  
Nelson additionally contends on appeal that the trial court erred in imposing an extended-term sentence of six years' imprisonment for his obstructing justice conviction.
  Nelson argues, relying on 
People v. Jordan
, 103 Ill. 2d 192, 206-07 (1984), that he should have been sentenced to an extended-term sentence only 
on the most serious offense of which he was convicted, the aggravated DUI. 

The issue of whether the trial court has imposed an unauthorized sentence is a question of law which we will review 
de
 
novo
.  
People v. Tooley
, 328 Ill. App. 3d 418, 423 (2002).  Section 5--8--2(a) of the Unified Code of Corrections, which governs the imposition of an extended-term sentence, provides: 

   "A judge shall not sentence an offender to a term of imprisonment in excess of the

maximum sentence authorized by Section 5--8--1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5--5--3.2 were found to be present."  730 ILCS 5/5--8--2(a) (West 2002). 

In 
Jordan
, the Illinois Supreme Court interpreted section 5--8--2(a) to mean that a defendant who is convicted of multiple offenses may be sentenced to an extended-term sentence only for those offenses that are within the most serious class.  
Jordan
, 103 Ill. 2d at 205-06.   However, in 
People v. Coleman
, 166 Ill. 2d 247, 257 (1995), the supreme court later clarified that extended-term sentences may be imposed "on separately charged, differing class offenses that arise from unrelated courses of conduct."  In determining whether a defendant's multiple offenses arose from "unrelated courses of conduct" for purposes of section 5--8--2(a), courts should consider whether there was a substantial change in the nature of the defendant's criminal objective
.  
People v. Bell
, 196 Ill. 2d 343, 354 (2001).
   

If there was a substantial change in the nature of the criminal objective, then the defendant's multiple offenses stem from unrelated courses of conduct and an extended-term sentence may be imposed on differing class offenses.  
Bell
, 196 Ill. 2d at 354-55.
  If, however, there was no substantial change in the nature of the criminal objective, then the defendant's offenses are not unrelated courses of conduct but, rather, part of a single course of conduct.  
Bell
, 196 Ill. 2d at 355.  
When the defendant's offenses are part of a single course of conduct, an extended-term sentence may be imposed only on those offenses within the most serious class.  
Bell
, 196 Ill. 2d at 355.  

In the instant case, there was no substantial change in the nature of Nelson's criminal objective.   Nelson first committed the offense of DUI.  When police apprehended Nelson for this offense, Nelson  presented false identification to avoid being prosecuted for DUI, thereby committing obstruction of justice.  There was no substantial change in the nature of Nelson's objective.  Nelson's  two offenses were not even independently motivated.  Thus, the two offenses were part of a single course of conduct.  
As such, an extended term sentence for the lesser offense, obstructing justice, was improper.  

The nonextended term for obstruction of justice, a Class 4 felony, is between one and three years' imprisonment.  730 ILCS 5/5--8--1(a)(7) (West 2002)
.  Pursuant to our authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we reduce Nelson's sentence for obstructing justice to the maximum nonextended sentence of three years' imprisonment.  See 
People v. Muntaner
, 339 Ill. App. 3d 887, 890 (2003). Nelson's three-year obstructing justice sentence will continue to run concurrently with his DUI sentence. 

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Du Page County in appeal No. 2--02--0910 is affirmed
.  The circuit court's judgment in appeal No. 2--02--0909 is affirmed as modified. 

No. 2--02--0910, Affirmed.

No. 2--02--0909, Affirmed as modified.

HUTCHINSON, P.J., and McLAREN, J., concur.