No. 3--03--0802

(Consolidated with Nos. 3--03--0803 and 3--03--0804)

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2004

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 13th Judicial Circuit, 

 ) Bureau County, Illinois,

Plaintiff-Appellant, ) 

 )

v. ) Nos. 03--CM--401, 03--CM--334,

 )     03--CM--400

BRADLEY M., JOSEPH B., and )

JACKI L., ) Honorable

                                ) Marc P. Bernabei,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

In separate citations, the State charged the minor defendants, Bradley M., Joseph B., and Jacki L., with violating the Child Curfew Act (Curfew Act) (720 ILCS 555/1(a) (West 2002)).  The State brought these actions under the Criminal Code of 1961 (Code) (720 ILCS 5/1--1 
et
 
seq
. (West 2002)) rather than through juvenile petitions under the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/1--1 
et
 
seq
. (West 2002)).  In a joint hearing and on the trial court's own motion, the court dismissed the charges against the defendants under the jurisdictional provisions of the Juvenile Act.  On appeal, the State argues that the trial court erred by dismissing the charges.  We affirm.

BACKGROUND

The State cited Joseph B. with violating the Curfew Act on July 3, 2003.  At the time of the offense, Joseph B. was 16 years of age.  Bradley M. and Jacki L. were charged with violating the Curfew Act on August 5, 2003.  At the time of their offenses, Bradley M. was 16 and Jacki L. was 14 years old.  All three violations took place in Bureau County.

On September 5, 2003, Bradley M. and Jacki L. pled guilty, and each was sentenced to six months of conditional discharge and 10 hours of public service.  That same day, Joseph B. waived his right to a jury trial.

On its own motion, the trial court issued an order staying the proceedings in all three cases on September 6, 2003.  The order set the matter for a joint hearing on the three cases for September 12, 2003, to consider whether the court should dismiss the actions for lack of jurisdiction under the Juvenile Act.

At the September 12 hearing, the trial judge stated that the jurisdictional provisions of the Juvenile Act had been changed by the enactment of Public Act 90--590 (Pub. Act 90--590, eff. January 1, 1999).  The previous version of the Juvenile Act provided that a trial court lacked jurisdiction to consider a charge against a juvenile under the Code unless the offense was a traffic, boating, or fish and game offense, or an offense punishable by fine only.  The newer version of the Juvenile Act, however, had removed the provision for an offense punishable only by fine.  The judge stated that under the older version of the Juvenile Act, juveniles were prosecuted for curfew violations because the offenses were punishable by fine only.  The judge said that under the newer version of the Juvenile Act, however, the court lacked jurisdiction to consider the charges against the defendants because curfew violations were not traffic, boating, or fish and game offenses.

The prosecutor argued that the judge's interpretation led to an absurd result, which the legislature could not have intended.  According to the prosecutor, the legislature could not have intended to make the Curfew Act, which is applicable only to minors, part of the Code, but not allow the State to charge minors with violations of the Curfew Act under that same Code.

The prosecutor also contended that when two statutes are in conflict, the more specific statute prevails over the more general statute.  In the prosecutor's view, the Curfew Act was more specific than the jurisdictional provisions of the Juvenile Act, and therefore, should prevail.

The judge responded that his interpretation did not lead to an absurd result because a curfew violation brought in a juvenile petition could be transferred to criminal court under the Juvenile Act.  Additionally, under the judge's interpretation, the Juvenile Act's jurisdictional provisions were more specific than the Curfew Act because a juvenile could not be charged under the Code unless the offense was specifically a traffic, boating, or fish and game offense.

On its own motion, the trial court vacated its previous sentences and findings of guilt against Bradley M. and Jacki L., and dismissed the charges in all three cases.  The State appealed.

ANALYSIS

The State submits that the trial court misinterpreted the Juvenile Act and erred in dismissing the charges against the defendants.  The construction or interpretation of a statute is a question of law subject to 
de
 
novo
 review.  
Carver v. Sheriff of La Salle County
, 203 Ill. 2d 497, 787 N.E.2d 127 (2003); 
In re A.J.
, 323 Ill. App. 3d 607, 753 N.E.2d 551 (2001).

The portion of the Curfew Act which the defendants in this case were charged with violating is only applicable to "a person less than 17 years of age."  720 ILCS 555/1(a) (West 2002).  The penalty for violation of section 1(a) is a fine of $10 to $500.  720 ILCS 555/1(c) (West 2002).

Before the enactment of Public Act 90--590, the jurisdictional provisions of the Juvenile Act stated that "[e]xcept as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State."  705 ILCS 405/5--4(1) (West 1996).  At that time, section 5--4(2) of the Juvenile Act provided that "any minor alleged to have committed a traffic, boating or fish and game law violation, *** or an offense punishable by fine only, may be prosecuted for the violation."  705 ILCS 405/5--4(2) (West 1996).

Public Act 90--590 repealed section 5--4 and replaced subsections 5--4(1) and 5--4(2) with two new sections.  Under the newer version of the Juvenile Act, "[e]xcept as provided in Section[] 5-125 [and other sections not applicable here], no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State."  705 ILCS 405/5--120 (West 2002).  Section 5--125 states that "[a]ny minor alleged to have violated a traffic, boating, or fish and game law *** may be prosecuted for the violation."  705 ILCS 405/5--125 (West 2002).

In this case, we are called upon to construe the jurisdictional provisions
(footnote: 1) of the new version of the Juvenile Act.  According to this court's research, our interpretation of these sections is a case of first impression.

The primary rule of statutory construction is to determine and give effect to the intent of the legislature.  
In re Mary Ann P.
, 202 Ill. 2d 393, 781 N.E.2d 237 (2002).  The most reliable indication of the legislature's intent is the language of a statute (
People v. Jurisec
, 199 Ill. 2d 108, 766 N.E.2d 648 (2002)), which should be given its plain or ordinary and popularly understood meaning.  
Carver
, 203 Ill. 2d 497, 787 N.E.2d 127.  When legislative intent can be determined from the language of the statute, it will be given effect without resort to other aids of construction.  
Jurisec
, 199 Ill. 2d 108, 766 N.E.2d 648.  A court should not depart from the plain language of a statute by reading in exceptions, limitations or conditions that conflict with the express legislative intent.  
Carver
, 203 Ill. 2d 497, 787 N.E.2d 127.

In the present case, we initially note that even if the trial court had not vacated the sentences it imposed upon Bradley M. and Jacki L., their sentences were void because they were not authorized under the Curfew Act.  See 
People v. Williams
, 179 Ill. 2d 331, 688 N.E.2d 1153 (1997) (sentence not authorized by statute is void).  The court sentenced Bradley M. and Jacki L. to terms of conditional discharge and community service for violations of section 1(a).  See 720 ILCS 525/1(c) (providing for fine of $10 to $500, and also authorizing community service as additional or alternative sentence, but only for violation of subsection (b)).  The Curfew Act, however, only authorizes a fine as a sentence for committing a violation of section 1(a).  Thus, Bradley M.'s and Jacki L.'s sentences were void even before the trial court vacated their sentences.

Regarding the statutory construction of the jurisdictional provisions of the Juvenile Act, this court has reviewed the legislative history of Public Act 90--590.  Although there was extensive discussion of this act by the legislature, none of the legislators mentioned why the act deleted the jurisdictional language concerning criminal offenses punishable by fine only that was in the previous version of the Juvenile Act.

The State argues that we should apply the rule of statutory construction which states that when two statutory provisions relate to the same subject, the more specific provision prevails.  See 
Knolls Condominium Ass'n v. Harms
, 202 Ill. 2d 450, 781 N.E.2d 261 (2002).  We disagree for several reasons.  First, as we noted above, when the language of the statute makes the intent of the legislature clear, there is no need to resort to other aids of statutory construction.  
Jurisec
, 199 Ill. 2d 108, 766 N.E.2d 648.  The legislature's intent in removing offenses punishable by only a fine from section 5--125 of the Juvenile Act was unambiguous.  Second, the "specific versus general" rule of statutory construction is of little help in this case.  One could find, as the trial court did, that the Juvenile Act is more specific.  Sections 5--120 and 5--125 specifically determine whether an offense falls within the jurisdiction of the Juvenile Act, while the Curfew Act is simply one among a large number of those offenses.  Third, "[w]here by amendment or revision, words are stricken from a statute, it must be concluded that the Legislature deliberately intended to change the law."  
Goedde v. Community Unit School District No. 7
, 21 Ill. App. 2d 79, 84, 157 N.E.2d 266, 269 (1959); see also 
Board of Trustees of Southern Illinois University v. Department of Human Rights
, 159 Ill. 2d 206, 636 N.E.2d 528 (1994) (where legislature has changed statute by adding specific limited jurisdiction language, presumption is that amendment was intended to change the law).  It is presumed that an amendment is made for some purpose, and effect must be given to the amendment in a manner consistent with that purpose.  
Cook County Sheriff's Enforcement Ass'n v. County of Cook
, 323 Ill. App. 3d 853, 753 N.E.2d 309 (2001).  Adopting the State's position would circumvent the statutory change.  Finally, no rule of statutory construction authorizes a court to declare that the legislature did not mean what the plain language states.  
In re Estate of Hoehn
, 234 Ill. App. 3d 627, 600 N.E.2d 899 (1992).  We are bound to declare and enforce the law as enacted (
In re Jermaine J.
, 336 Ill. App. 3d 900, 784 N.E.2d 428 (2003)), and here the legislature pointedly brought offenses punishable by a fine only, such as curfew violations, within the jurisdiction of the Juvenile Act.  We are not free to ignore that legislative directive.

The State also maintains that Public Act 90--590's omission of the language concerning crimes punishable by fine only has rendered a portion of the Curfew Act meaningless because the State would be prohibited from charging a minor under the Code with a violation of a statute that is applicable only to minors.  We disagree.  While the State could not bring criminal charges against a minor for violating curfew, it could bring a petition against such a minor under the Juvenile Act alleging a violation of the Curfew Act (see 705 ILCS 405/5--120, 5--520 (West 2002)).  The primary difference would be that the sentencing provisions applicable to section 1(a) of the Curfew Act (imposition of fines for juveniles) would not apply.  The Juvenile Act provides for rehabilitative civil remedies, such as juvenile probation or detention (see 705 ILCS 405/5--101, 5--710 (West 2002)), rather than criminal punishments under the Code, such as imprisonment or a fine (see 730 ILCS 5/5--1--1 
et
 
seq
. (West 2002)).  Nevertheless, fines could be imposed under the Curfew Act if the case was transferred from juvenile court to criminal court at the minor's request (see 705 ILCS 405/5--130(9) (West 2002)) or on the State's motion (see 705 ILCS 405/5--805(3) (West 2002)).  Therefore, Public Act 90--590 has not rendered the Curfew Act meaningless.  We find, therefore, that the trial court properly dismissed the charges brought against the minor defendants.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

HOLDRIDGE, P.J., and McDADE, J., concur.

FOOTNOTES
1:
Although both sections 5--120 and 5--125 employ the term "jurisdiction," our supreme court has held that since juvenile court is merely a division of a single unified circuit court, it is the circuit court as a whole which is vested with jurisdiction.  The issue of whether a person is tried in juvenile or criminal court is a matter of procedure rather than jurisdiction.  See 
People v. P.H.
, 145 Ill. 2d 209, 582 N.E.2d 700 (1991); 
People v. DeJesus
, 127 Ill. 2d 486, 537 N.E.2d 800 (1989).  While perhaps relevant in some other context, the distinction between jurisdiction and procedure does not affect our analysis.