THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS J. ROLAND, Defendant-Appellant.

Second District    No. 2—03—0441

Opinion filed September 7, 2004.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Glen R. Weber, State's Attorney, of Galena (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of Elgin, for the People.

JUSTICE McLAREN delivered the opinion of the court:

The issue before us is the meaning of section 11—501(c—1)(2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501(c—1)(2) (West 2000)). In appealing the partial dismissal of his postconviction petition, defendant, Thomas J. Roland, argues that his conviction of violating section 11—501(c—1)(2) is invalid because the statute is ambiguous. We disagree, and thus we affirm.

Defendant pleaded guilty to two counts of Class 3 felony driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(c—1)(2) (West 2000)), one count of Class 4 felony DUI (625 ILCS 5/11—

501(d)(1)(A) (West 2000)), one count of driving while his license was suspended (625 ILCS 5/6—303(d) (West 2000)), and one count of unlawful possession of cannabis (720 ILCS 550/4(c) (West 2000)). The Class 3 DUIs were based on the fact that defendant had two previous DUI convictions and the present violations occurred while his license was revoked. See 625 ILCS 5/11—501(c—1)(2) (West 2000). The trial court sentenced defendant to concurrent sentences of 5 years' imprisonment for the Class 3 DUIs, 3 years' imprisonment for the Class 4 DUI, 3 years' imprisonment for driving with a suspended license, and 364 days' imprisonment for possession of cannabis. Defendant did not appeal his sentence.

Defendant later filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)). In his petition, defendant alleged that he had received ineffective assistance of counsel because his attorney advised him to plead guilty to the Class 3 DUIs. He asserted that he should not have been charged with these offenses because his previous DUI violations had not occurred while his license was revoked or suspended. He also argued that based on the "one-act, one-crime" doctrine, he should have been convicted of only one of the three DUI counts. The State moved to dismiss the petition, the court appointed defendant counsel, and defendant filed a written response to the State's motion. Following a hearing, the court vacated defendant's convictions of the Class 4 DUI and one of the Class 3 DUIs. However, the court found that defendant's remaining Class 3 DUI conviction should stand, because section 11—501(c—1)(2) required only that defendant's license be revoked or suspended at the time of the third DUI, not at the time of the two prior violations. Defendant appealed.

■ Defendant argues that section 11—501(c—1)(2) of the Code is ambiguous. Section 11—501(c—1)(2) provides:

"A person who violates this Section a third time during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of this Section, Section 11—501.1, paragraph (b) of Section 11—401, or Section 9—3 of the Criminal Code of 1961 is guilty of a Class 3 felony." 625 ILCS 5/11—501(c—1)(2) (West 2000).

Defendant contends that section 11—501(c—1)(2) has two possible meanings: (1) that all three violations must have occurred while the defendant's license was revoked or suspended, or (2) that only the third violation must have occurred while the defendant's license was revoked or suspended. Defendant further argues that because the section is ambiguous, we must construe it in his favor and thus follow the first interpretation. See *People v. Whitney*, 188 Ill. 2d 91, 98 (1999).

The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Donoho*, 204 Ill. 2d 159, 171 (2003). The best indicator of legislative intent is the plain language of the statute. *Donoho*, 204 Ill. 2d at 171. "A statute is ambiguous if it is subject to two or more reasonable interpretations." *Donoho*, 204 Ill. 2d at 172. Where, however, the statutory language is clear and unambiguous, its plain meaning will be given effect. *Whitney*, 188 Ill. 2d at 97. We review *de novo* the interpretation of a statute. *Donoho*, 204 Ill. 2d at 172.

■ We hold that section 11—501(c—1)(2) of the Code is not ambiguous. The plain language of the statute reveals that the phrase "during a period in which his or her driving privileges are revoked or suspended" qualifies the phrase "violates this Section a third time." Thus, only the third DUI violation must occur while the individual's license is revoked or suspended. In order for defendant's alternate reading of the statute to make sense, we would have to interpret the term "this Section" to mean "subsection 11—501(c—1)(1)."[1] However, the term "this Section" clearly means section 11—501. See *People v. Elizalde*, 344 Ill. App. 3d 678, 680 (2003) ("A third violation of section *11—501* is a Class 3 felony under section 11—501(c—1)(2) of the Code" (emphasis added)). Had the legislature intended to condition a Class 3 felony on the commission of three violations of subsection 11—501(c—1)(1), it easily could have done so. Indeed, in other parts of section 11—501, the legislature explicitly conditioned penalties on violations of specific subsections of section 11—501. See 625 ILCS 5/11—501(c—4)(3) (West 2000) ("[a] person who is convicted of violating subsection (a) of Section 11—501 of this Code *** is guilty of a Class 4 felony"); 625 ILCS 5/11—501(c—4)(4) (West 2000) ("[a] person who is convicted of violating this subsection (c—4) a fourth or subsequent time is guilty of a Class 2 felony"). In section 11—501(c—1)(2) of the Code, however, it did not do so.

We also find support for our decision in *People v. Smith*, 345 Ill. App. 3d 179 (2004). There, the defendant was convicted of a violation of section 11—501(c—1)(3), a subsection identical to section 11—501(c—1)(2), except that it requires three prior DUI violations. The defendant appealed, arguing that the trial court had improperly

---

[1] Section 11—501(c—1)(1) of the Code provides: "A person who violates this Section during a period in which his or her driving privileges are revoked or suspended, where the revocation or suspension was for a violation of this Section, Section 11—501.1, paragraph (b) of Section 11—401, or Section 9—3 of the Criminal Code of 1961 is guilty of a Class 4 felony." 625 ILCS 5/11—501(c—1)(1) (West 2000).

considered a previous DUI conviction that had resulted from a bond forfeiture. We affirmed. Although we did not address whether section 11—501(c—1)(3) was ambiguous, we did reason that pursuant to that section "a DUI offender with three or more prior DUI offenses may be sentenced as a Class 2 felon if the offender has committed the *present offense* while his or her driver's license was revoked or suspended for a violation of the DUI statute." (Emphasis added.) *Smith*, 345 Ill. App. 3d at 188. We therefore held that the trial court properly sentenced the defendant because he had three prior DUI convictions and the present conviction occurred while his license was revoked. *Smith*, 345 Ill. App. 3d at 188-89.

■ Accordingly, section 11—501(c—1)(2) provides that an individual with two prior violations of any provision of section 11—501, whose third DUI violation occurs while the individual's license is revoked or suspended, is guilty of a Class 3 felony. Here, it is undisputed that defendant had two prior violations of section 11—501 and that his third DUI violation occurred while his license was revoked because of a DUI violation. This is a violation of section 11—501(c—1)(2). Thus, the trial court properly dismissed the ineffective assistance of counsel claim in defendant's postconviction petition.

The judgment of the circuit court of Jo Daviess County is affirmed.

Affirmed.

BYRNE and CALLUM, JJ., concur.