NO. 4-05-0913     Filed 3/13/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )  Appeal from
       Plaintiff-Appellant,  )  Circuit Court of
       v.  )  Moultrie County
CHRISTOPHER S. KENNEDY,  )  No. 05CF46
       Defendant-Appellee.  )
         )  Honorable
         )  Dan L. Flannell,
         )  Judge Presiding.

JUSTICE McCULLOUGH delivered the opinion of the court:

On May 10, 2005, defendant, Christopher S. Kennedy, was charged by information with driving while his driver's license was suspended (enhanced sentence), a Class 4 felony, pursuant to section 6-303(d-3) of the Illinois Vehicle Code (Code) (625 ILCS 5/6-303(d-3) (West 2004)). On October 28, 2005, defendant filed a motion to dismiss, arguing he was not subject to the enhanced penalties under that section. The trial court granted defendant's motion, and the State appeals. For the reasons that follow, we reverse the trial court's ruling.

Defendant's license was first suspended in 1999. Since 1999, defendant has been arrested eight separate times for driving while his license was suspended or revoked, including a statutory summary suspension pursuant to section 5-501.1 of the Code (625 ILCS 5/5-501.1 (West 2004)). According to defendant's driver's license file, the statutory summary suspension was in

effect May 6, 2005. On May 10, 2005, defendant was charged with driving while his driver's license was suspended (enhanced sentence) in violation of section 6-303(a) of the Code (625 ILCS 5/6-303(a) (West 2004)), subject to an enhanced penalty pursuant to section 6-303(d-3) of the Code.

Defendant filed a motion to dismiss, arguing the State improperly charged him with a Class 4 felony. According to defendant's interpretation of the statute, subsection (d-3)'s Class 4 felony classification only applies if a person has been convicted of one of the listed offenses for a fourth or subsequent time. Defendant argues he is not subject to subsection (d-3). The trial court granted defendant's motion, stating:

"I am going to rule that the statutory language and scheme is not sufficiently clear to allow the State to pursue the felony classification for this particular defendant. I am going to grant the [m]otion [t]o [d]ismiss the felony count and direct that the Court, if in fact there is conviction entered, will sentence the defendant under the general Class A misdemeanor provisions of the statute contained in 6-303(a). It is simply too confusing. It is contradictory in

its terms in (c)(1) versus (d)[,] and in (c)(1) versus the initial paragraph of subsection (c) of 6-303. And I am going to so rule."

The State appeals, arguing the plain language of the statute dictates that an individual who is convicted for a fourth or subsequent violation of section 6-303, and the present offense was committed while that individual's license was suspended or revoked for one of the enumerated factors set forth in subsection (d-3), is guilty of a Class 4 felony. We agree.

"The primary rule of statutory construction is to ascertain and give effect to the legislature's intent." People v. Roland, 351 Ill. App. 3d 1012, 1015, 815 N.E.2d 972, 974 (2004). The best evidence of the legislature's intent is the plain language of the statute. Roland, 351 Ill. App. 3d at 1015, 815 N.E.2d at 974. Where the statutory language is clear and unambiguous, its plain meaning will be given effect. Roland, 351 Ill. App. 3d at 1015, 815 N.E.2d at 974. The interpretation of a statute is reviewed de novo. Roland, 351 Ill. App. 3d at 1015, 815 N.E.2d at 974.

The interpretation of section 6-303(d-3) is a matter of first impression. The language of this section is not ambiguous and should be given its plain meaning. The statute at issue reads, in pertinent part, as follows:

- 3 -

"(a) Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended as provided by this Code or the law of another state *** shall be guilty of a Class A misdemeanor.

* * *

(d-3) Any person convicted of a fourth or subsequent violation of this Section is guilty of a Class 4 felony and must serve a minimum term of imprisonment of 180 days if the revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, *** or a statutory summary suspension under Section 11-501.1 of this Code."  625 ILCS 5/6-303 (West 2004).

We hold that section 6-303(d-3) of the Code is not ambiguous.  Clearly, the term "this Section" as used in subsection (d-3) refers to section 6-303.  The use of the

capitalized "s" supports this conclusion. Further, if the legislature had intended to condition a Class 4 felony on the commission of four or more violations of subsection (d-3), it could have so stated. In fact, in other parts of section 6-303, the legislature referenced specific subsections. See 625 ILCS 5/6-303(c-1), (d-1) (West 2004).

Although inartfully organized, what the legislature has created in 6-303 are two sets of penalty schemes for those individuals convicted of driving while their license is revoked or suspended. The first set of penalties applies to those individuals convicted of driving while their license is suspended or revoked and the suspension or revocation was not the result of a violation of section 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961. An individual who falls in this category is guilty of a Class A misdemeanor. See 625 ILCS 5/6-303(a) (West 2004). An individual who is convicted of driving while his license is suspended or revoked a second time and the suspension or revocation was not the result of a violation of section 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961, must serve 100 hours' community service. See 625 ILCS 5/6-303(c-1) (West 2004). An individual who is convicted of driving while his license is suspended or revoked for a third or subsequent time and the suspension or revocation was not the result of a violation of

- 5 -

section 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961 must serve 30 days in jail or perform 300 hours' community service. See 625 ILCS 5/6-303(d-1) (West 2004).

The second set of penalties applies to an individual who has been convicted of driving while his license is suspended or revoked and the suspension or revocation was the result of a violation of sections 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961. Such an individual must serve either 10 days in jail or perform 30 days' community service. See 625 ILCS 5/6-303(c) (West 2004). An individual who is convicted of driving while his license is suspended or revoked a second time and the suspension or revocation was the result of a violation of section 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961, is guilty of a Class 4 felony and must serve 30 days in jail or perform 300 hours' community service. See 625 ILCS 5/6-303(d) (West 2004). An individual who is convicted of driving while his license is suspended or revoked a third time and the suspension or revocation was the result of a violation of sections 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961 is guilty of a Class 4 felony and must serve a minimum of 30 days in jail. See 625 ILCS 5/6-303(d-2) (West 2004). An individual who is convicted of driving while his license is

suspended or revoked a fourth or subsequent time and the suspension or revocation <u>was</u> the result of a violation of section 11-401, 11-501, or 11-501.1 of the Code or section 9-3 of the Criminal Code of 1961 is guilty of a Class 4 felony and must serve a minimum of 180 days in jail.  See 625 ILCS 5/6-303(d-3) (West 2004).

An individual who has been convicted of driving while his license is suspended or revoked a fourth time, regardless of the reason for the underlying suspension or revocation, can be subject to the seizure of his license plates or the immobilization of his vehicle.  See 625 ILCS 5/6-303(c-2) (West 2004).

Defendant was charged with driving while his license was suspended or revoked.  His license was suspended because of a statutory summary suspension.  Prior to receiving the statutory summary suspension, defendant had been convicted on eight occasions of driving while his license was suspended or revoked. Under the plain language of the statute, defendant was properly charged with a Class 4 felony pursuant to section 6-303(d-3) of the Code.

For the foregoing reasons, we reverse the trial court's judgment.

Reversed.

STEIGMANN and APPLETON, JJ., concur.