No. 3–07–0043

Filed January 18, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | for the 14th Judicial Circuit, |
| | ) | Henry County, Illinois |
| | ) | |
| v. | ) | No. 06–CF–443 |
| | ) | |
| JON R. BLOOMBERG, | ) | Honorable |
| Defendant-Appellant. | ) | Ted J. Hamer |
| | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the opinion of the court:

Following a stipulated bench trial, defendant Jon Bloomberg was found guilty of driving while license suspended (DWLS). 625 ILCS 5/6-303 (West 2006). He was sentenced for a felony under the felony sentencing provisions of section 6-303(d) of the Illinois Vehicle Code (Vehicle Code) to a term of 30 months' conditional discharge and 300 hours of community service, and ordered to pay various costs and fines. 625 ILCS 5/6-303(d) (West 2006). He appealed his sentence. We affirm.

FACTS

Defendant Jon Bloomberg was arrested on November 16, 2006, for driving while his license was suspended in violation of section 6-303 of the Vehicle Code. 625 ILCS 5/6-303 (West 2006). Bloomberg's license had been summarily suspended on October 30, 2006, under section 11-501.1 of the Vehicle Code. 625 ILCS 5/11-501.1 (West 2006) (statutory summary suspension). Following

a stipulated bench trial in December 2006, Bloomberg was found guilty of DWLS. The State sought felony sentencing based on a prior DWLS offense committed by Bloomberg in 1998. At that time, Bloomberg had pled guilty to DWLS and was sentenced to court supervision. Bloomberg successfully served his term of supervision and the 1998 DWLS charge was dismissed. The record indicates that the 1998 suspension was not an enhanced suspension.

In the instant case, Bloomberg contended in the trial court that he should not be sentenced for felony DWLS pursuant to section 6-303(d) but for misdemeanor DWLS pursuant to section 6-303(a) as a first-time offender. 625 ILCS 5/6-303(a), (d) (West 2006). After taking the issue under advisement, the trial court disagreed with Bloomberg and sentenced him under the felony provisions to a term of 30 months' conditional discharge and 300 hours of community service, and assessed costs and fines. He was further required to submit DNA samples for the national database. Bloomberg followed with this appeal.

ANALYSIS

The sole issue on appeal is whether the trial court erred when it sentenced Bloomberg pursuant to the felony provisions as set forth in section 6-303(d) of the Vehicle Code. 625 ILCS 5/6-303(d) (West 2006). Bloomberg complains that he was improperly sentenced under the felony sentencing provisions. He argues that because his 1998 DWLS resulted in a sentence of court supervision which he successfully served, it cannot be considered a first offense, and he should have been sentenced in the instant case under the misdemeanor provisions.

Section 6-303 of the Vehicle Code, defining the offense of driving while license suspended, provides, in relevant part:

"(a) Any person who drives or is in actual physical control of

2

a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended as provided by this Code *** shall be guilty of a Class A misdemeanor.

***

(d) Any person convicted of a second violation of this Section shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court, if the revocation or suspension was for *** a statutory summary suspension under Section 11-501.1 of this Code [625 ILCS 5/11-501.1]."  625 ILCS 5/6-303 (West 2006).

This case involves an issue of statutory construction, which is a question of law we review *de novo*. People v. Smith, 345 Ill. App. 3d 179, 185, 802 N.E.2d 876, 880 (2004). The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. Smith, 345 Ill. App. 3d at 184, 802 N.E.2d at 880. The best indicator of the legislature's intent is the language of the statute, which should be given its plain and ordinary meaning. Smith, 345 Ill. App. 3d at 184, 802 N.E.2d at 880. In determining the legislature's intent, a court should also consider the reason the law was enacted, the problems it is intended to remedy, and the objects and purposes sought with its enactment. Smith, 345 Ill. App. 3d at 185, 802 N.E.2d at 880. Where the legislature amends a statute, striking words, it is to be concluded that it deliberately intended to change the law. People v. Bradley M., 352 Ill. App. 3d 291, 296, 815 N.E.2d 1209, 1213 (2004). It should also be presumed that an amendment is made for some purpose and effect should be given to the amendment in a matter consistent with that purpose. Bradley M., 352 Ill. App. 3d at 296, 815 N.E.2d at 1213.

3

Section 6-303(d) provides that a DWLS offender with a prior conviction for DWLS may be sentenced as a Class 4 felon if the revocation was based on, *inter alia*, a statutory summary suspension. 625 ILCS 5/6-303(d) (West 2006); Smith, 345 Ill. App. 3d at 185, 802 N.E.2d at 880. The purpose of section 6-303(d) of the Vehicle Code is to punish repeat offenders more severely than first-time offenders. Smith, 345 Ill. App. 3d at 185, 802 N.E.2d at 880.

Bloomberg contends that the trial court's interpretation of section 6-303(d) was not aligned with the legislative intent of the statute and leads to absurd and unjust results. He points to the prior version of the statute as support for his contention that the trial court's interpretation improperly allows him to be sentenced for a felony for his first DWLS conviction following an enhanced suspension if he had any past DWLS violation, regardless of its basis.

The trial court correctly interpreted the statute's plain language in sentencing Bloomberg as a felon. Prior to its amendment effective August 1, 2001, section 6-303(d) provided that anyone convicted of a second or subsequent violation of DWLS would be guilty of a Class 4 felony if the original suspension was for an enhanced violation, such as statutory summary suspension. All parties agree that under that version of the statute, Bloomberg would not be eligible to be sentenced as a felon because his original suspension was not for an enhanced violation. Amendment of the statute included, in part, deletion of "original" (suspension). By amending the statute in that manner, the legislature intended to broaden the scope of felony sentencing to individuals whose second DWLS occurred while they were suspended for one of the enumerated enhancements, including statutory summary suspension. Because Bloomberg was convicted of DWLS in December 2006, and his license had been suspended pursuant to section 11-501.1 of the Vehicle Code, the felony sentencing provisions apply to him under a plain reading of the statute. Had the legislature

4

not intended to focus on a party's current suspension to determine if it was for an enumerated enhancement, it would not have deleted "original" when amending the statute.

The Fourth District recently addressed the instant issue in People v. Kennedy, 372 Ill. App. 3d 306, 867 N.E.2d 1154 (2007). The Kennedy court analyzed section 3-606, describing it as constituting two sets of penalty schemes. Kennedy, 372 Ill. App. 3d at 308, 867 N.E.2d at 1156. The first set concerns individuals who have one or more DWLS convictions and a suspension or revocation which was not the result of an enumerated enhancement such as statutory summary suspension. Kennedy, 372 Ill. App. 3d at 308, 867 N.E.2d at 1156. The second set of penalties applies to persons who have DWLS convictions and the suspension or revocation resulted from a violation of the enhancements. Kennedy, 372 Ill. App. 3d at 309, 867 N.E.2d at 1156. In the instant case, Bloomberg was convicted of DWLS in December 2006 and his suspension at the time of his DWLS offense was a statutory summary suspension, one of the enumerated enhancements. Giving effect to the 2001 amendment, the statute's plain language necessitates that Bloomberg be subject to the felony sentencing provisions.

Bloomberg further asserts that his 1998 DWLS should not be considered his first offense for sentencing purposes because he successfully completed his court supervision, resulting in a dismissal of the charge. According to Bloomberg, counting his 1998 DWLS as a first offense is contrary to the court supervision statutes because successful completion of court supervision does not result in an adjudication of guilt.

"Supervision" is defined in the Unified Code of Corrections (Corrections Code) as "a disposition of conditional and revocable release without probationary supervision, *** at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing

the charges is entered." 730 ILCS 5/5-1-21 (West 2006). When a defendant is placed on supervision, judgment on the charges and all further proceedings are deferred until the period of supervision concludes. Kirwan v. Welch, 133 Ill. 2d 163, 166, 549 N.E.2d 348, 349 (1989).

Section 5-6-3.1 of the Corrections Code provides:

"(e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges.

(f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section *** a person may have his record of arrest sealed or expunged as may be provided by law." 730 ILCS 5/5-6-3.1(e), (f) (West 2006).

The phrase "shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime" is interpreted to include only the rights and privileges statutorily denied to a convicted offender. People v. Hightower, 138 Ill. App. 3d 5, 9, 485 N.E.2d 452, 455 (1985), quoting People v. Talach, 114 Ill. App. 3d 813, 826, 448 N.E.2d 638, 647 (1983). Examples of the affected rights and privileges include the rights to vote, possess a firearm, and hold public office. Talach, 114 Ill App. 3d at 826, 448 N.E.2d at 647.

In People v. Sheehan, 168 Ill. 2d 298, 301, 659 N.E.2d 1339, 1340 (1995), the court

6

considered the defendants' argument that their driving under the influence (DUI) offenses resulting in successfully completed terms of supervision could not be used to enhance a later charge. The Sheehan court determined that the legislature's use of the term "committed" in the felony DUI statute, rather than "convicted," mandated a broader interpretation and included prior offenses for which the defendants successfully completed court supervision. Sheehan, 168 Ill. 2d at 306, 659 N.E.2d at 1343. It further noted that had the legislature intended enhancing offenses to include only those resulting from convictions, it would have so stated. Sheehan, 168 Ill. 2d at 307, 659 N.E.2d at 1343. Based on the language of the felony DUI statute, the Sheehan court also concluded that the use of a "committed" offense that resulted in successful supervision to enhance a subsequent charge was not contrary to the supervision statute's provision that supervision is "without adjudication of guilt." Sheehan, 168 Ill. 2d at 308, 659 N.E.2d at 1343. In the court's view, a defendant not adjudicated guilty as a result of successful supervision does not mean that the defendant did not commit the offense for which he served a term of supervision. Sheehan, 168 Ill. 2d at 308, 659 N.E.2d at 1344.

In People v. Jones, 306 Ill App. 3d 793, 802, 715 N.E.2d 256, 262-63 (1999), the court distinguished "conviction" from "violation," in construing whether the defendant, who had been charged with, but not convicted of, prior offenses of domestic battery, was properly sentenced under the domestic battery felony sentencing provisions applicable to second and subsequent offenders. The court compared the definition of "conviction" with "violation," construing "violation" to be broader in scope and inclusive of the defendant's prior domestic battery arrests. Jones, 306 Ill App. 3d at 802, 715 N.E.2d at 262.

In Smith, 345 Ill. App. 3d at 182, 802 N.E.2d at 878, at issue was whether the trial court

7

could consider, in imposing an enhanced sentence, a DUI conviction resulting from a bond forfeiture. Construing section 6-303(d) of the Vehicle Code, the court held that the felony enhancement was proper, determining that the term "conviction" as set forth in the applicable provisions of the Vehicle Code included convictions that resulted from a bond forfeiture. Smith, 345 Ill. App. 3d at 186, 802 N.E.2d at 882. The Smith court, like the court in Jones, differentiated the terms "conviction" and "violation," also determining that "violation" was broader in scope than "conviction." Smith, 345 Ill. App. 3d at 186, 802 N.E.2d at 882.

Section 6-303(d) states that "any person convicted of a second violation of this Section shall be guilty of a Class 4 felony." The statute does not require that the person be twice convicted but rather convicted of a second violation. As noted in Sheehan, the fact that Bloomberg was not adjudicated guilty as a result of his successful completion of court supervision does not mean that he did not violate the DWLS statute. As discussed in Jones and Smith, had the legislature intended the enhancing offenses to include only those subsequent offenses for which a defendant was convicted, it would have used "conviction" instead of the broader "violation." As defined in section 6-100 of the Vehicle Code, conviction is "a final adjudication of guilty by a court of competent jurisdiction either after a bench trial, trial by jury, plea of guilty, order of forfeiture, or default." 625 ILCS 5/6-100 (West 2006). Violation is not defined in section 6-100 but has been previously defined as an ' "[i]njury; infringement; breach of right, duty or law; ravishment; seduction. The act of breaking, infringing, or transgressing the law.' " Jones, 306 Ill App. 3d at 802, 715 N.E.2d at 262-63, quoting Black's Law Dictionary 1570 (6th ed. 1990).

The record is clear that Bloomberg did in fact commit a breach of law with his 1998 DWLS offense, notwithstanding his successful completion of court supervision. As the 1998 offense

constitutes a violation, he was properly sentenced under the felony sentencing provisions for second-time offenders. Based on the plain language of section 6-303(d), the trial court properly applied the felony sentencing provisions to Bloomberg.

For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

SCHMIDT, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

At issue is whether a successfully completed court supervision constitutes a prior conviction for purposes of section 6-303(d) of the Illinois Vehicle Code (625 ILCS 5/6-303 (West 2006). Because I believe that it cannot, I respectfully dissent.

Section 6-303(d) of the Vehicle Code requires that "[a]ny person convicted of a second violation of this Section shall be guilty of a Class 4 felony." (Emphasis added.) Simply put, in order to be convicted of a second violation under section 6-303(d) a defendant must have been convicted of a first violation under this section. The record is clear that the instant offense is the defendant's first conviction under the Act. His previous arrest, for which he successfully completed a term of court supervision, was discharged "without adjudication of guilt." (730 ILCS 5/5-6-3.1(f)(West 2006).

A conviction is statutorily defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a

9

verdict or finding of guilty of an offense." 730 ILCS 5/2-5 (West 2006). For there to be a conviction, there must have been a judgment of conviction or sentence. Here, the defendant, having successfully completed a term of court supervision, there is no judgment of conviction. Thus, he was not convicted of a previous violation.

The majority's focus on the dependent clause "and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime," is misplaced. That phrase may, as the majority notes, speak to the issue whether successful completion of supervision affects rights such as the right to vote. However, such is not the issue in this matter. The phrase quoted by the majority does not negate the fact that completion of supervision is not a conviction. The statute clearly states that completion of supervision is not an adjudication of guilt (i.e., a conviction) and shall not be termed a conviction for purposes of disqualification or disability imposed by other law.

I also disagree with the majority's reading of People v. Sheehan, 168 Ill. 2d 298, 301 (1995). "There can be no dispute that the term "committed," in its ordinary sense, has a broader scope than the term "convicted." Sheehan, 168 Ill. 2d at 306. Here, the statute at issue, unlike the one at issue in Sheehan, provides for felony status only where the defendant was previously

10

"convicted" of the same offense, not where he had "committed" the same offense.

For the foregoing reasons, I would reverse the defendant's conviction and remand for further proceedings. I therefore, respectfully, dissent.