NO. 4-04-0802     Filed 6/5/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Macon County |
| YANNI P. KARMATZIS, a/k/a JOHN P. | ) | Nos. 03CF1469 |
| KARMATZIS, | ) |     04CF362 |
|      Defendant-Appellee. | ) |     04CF378 |
| | ) |     04CF659 |
| | ) |     04CF667 |
| | ) |     04CF675 |
| | ) |     04CF676 |
| | ) |     04CF697 |
| | ) |     04CF698 |
| | ) | |
| | ) | Honorable |
| | ) | Scott B. Diamond, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In March 2004, defendant, Yanni P. Karmatzis, a/k/a John P. Karmatzis, pleaded guilty to burglary (720 ILCS 5/19-1(a) (West 2002)) (Macon County case No. 03-CF-1469). Later in March 2004, the State charged defendant with burglary (Macon County case No. 04-CF-362), and the trial court set an $80,000 bond. In April 2004, the State charged defendant with burglary and forgery (720 ILCS 5/19-1(a), 17-3(a)(2) (West 2004)) (Macon County case No. 04-CF-378), and the court set a $50,000 bond. In April 2004, defendant was arraigned in case Nos. 04-CF-362 and 04-CF-378, and the court ordered him returned to the Department of Corrections

(DOC). On May 6, 2004, DOC mistakenly released defendant from prison. On June 8, 2004, defendant was returned to custody.

In August 2004, defendant pleaded guilty to burglary in case Nos. 04-CF-362 and 04-CF-378 and in three other cases. He also pleaded guilty to three counts of burglary (based on incidents that took place on May 13, 2004 (Macon County case No. 04-CF-697), May 23, 2004 (Macon County case No. 04-CF-659), and June 1, 2004 (Macon County 04-CF-667)). The trial court later sentenced defendant to three years in prison in case No. 03-CF-1469 and six years in prison for each burglary conviction. The court ordered that the six-year prison terms be served concurrently to each other and consecutively to the three-year prison term.

The State appeals, arguing that the concurrent sentences imposed in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667 are void under section 5-8-4(h) of the Unified Code of Corrections (730 ILCS 5/5-8-4(h) (West 2004)), which required that because those offenses were committed while defendant was on "pretrial release" for the offenses in case Nos. 04-CF-362 and 04-CF-378, the sentences imposed thereon should be served consecutively to the sentences imposed in case Nos. 04-CF-362 and 04-CF-378. We agree and thus vacate the concurrent sentences imposed in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667 and remand with directions to amend the sentencing order to reflect that the six-year prison terms in those three cases are to be

served consecutively to the sentences imposed in Nos. 04-CF-362 and 04-CF-378.

## I. BACKGROUND

As earlier stated, in March 2004, defendant pleaded guilty to burglary (720 ILCS 5/19-1(a) (West 2002)) in case No. 03-CF-1469. The trial court then set the case for a June 2004 sentencing hearing and released defendant on a $50,000 recognizance bond while he awaited sentencing. Later in March 2004, the State charged defendant with committing burglary in case No. 04-CF-362, and the trial court set an $80,000 bond. In April 2004, the State charged defendant with committing burglary and forgery in case No. 04-CF-378, and the court set a $50,000 bond.

In April 2004, defendant was arraigned in case Nos. 04-CF-362 and 04-CF-378, and the court ordered him returned to DOC to serve time for a parole violation in another case. Defendant did not post bond in either case No. 04-CF-362 or 04-CF-378. However, on May 6, 2004, DOC mistakenly released him from prison, instead of returning him to jail. On June 8, 2004, authorities again took defendant into custody.

In June 2004, the State charged defendant with two counts of burglary and one count of forgery based on a May 23, 2004, incident (case No. 04-CF-659). That same month, the State charged him with two counts of burglary and one count of forgery based on a June 1, 2004, incident (case No. 04-CF-667). Later in

- 3 -

June 2004, the State charged defendant with burglary and two counts of forgery based on a May 13, 2004, incident (case No. 04-CF-647).

In August 2004, defendant pleaded guilty to burglary in case Nos. 04-CF-362 and 04-CF-378, and in exchange, the trial court dismissed the forgery charge. He also pleaded guilty to three counts of burglary in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667. In exchange, the court dismissed the forgery charges. Defendant also pleaded guilty to three other burglary charges (Macon County case Nos. 04-CF-675, 04-CF-676, and 04-CF-698). The record shows that the burglary in case No. 04-CF-698 was committed in March 2004. However, the record is unclear as to when the burglaries in case Nos. 04-CF-675 and 04-CF-676 were committed. (The indictment and factual basis in case No. 04-CF-675 indicate that the offense took place on March 27, 2004; however, the check at issue was dated May 27, 2004. The indictment and factual basis in case No. 04-CF-676 indicate that the offense took place on March 13, 2004; however, the check at issue was dated May 13, 2004.)

In September 2004, the trial court sentenced defendant to three years in prison in case No. 03-CF-1469 and six years in prison for each burglary conviction. The court ordered that the six-year prison terms be served concurrently to each other and consecutively to the three-year prison term.

- 4 -

This appeal followed.

## II. THE TRIAL COURT'S IMPOSITION OF CONCURRENT SENTENCES IN CASE NOS. 04-CF-697, 04-CF-659, AND 04-CF-667

The State argues that the concurrent sentences imposed in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667 are void under section 5-8-4(h) of the Code (730 ILCS 5/5-8-4(h) (West 2004)). Specifically, the State contends that section 5-8-4(h) required that because those offenses were committed while defendant was on "pretrial release" for the offenses in case Nos. 04-CF-362 and 04-CF-378, the sentences thereon should be served consecutively to the sentences imposed in case Nos. 04-CF-362 and 04-CF-378. We agree.

"A sentence that does not conform to a statutory requirement is void and may be corrected at any time." People v. Pippen, 324 Ill. App. 3d 649, 653, 756 N.E.2d 474, 478 (2001). When a trial court's decision to impose concurrent prison terms is deemed void, the appellate court has the authority to correct the sentence, and the appellate court's doing so is not barred by supreme court rules limiting the State's right to appeal or prohibiting the appellate court from increasing a defendant's sentence. People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995).

Section 5-8-4(h) of the Code provides as follows:

"If a person charged with a felony commits a separate felony while on pre[]trial

release or in pretrial detention in a county

jail facility or county detention facility,

the sentences imposed upon conviction of

these felonies shall be served consecutively

regardless of the order in which the judg-

ments of conviction are entered."  (Emphasis

added.)  730 ILCS 5/5-8-4(h) (West 2004).

Thus, section 5-8-4(h) mandates consecutive sentences when a

defendant commits another offense while on "pretrial release" for

the original offense.  See People v. Clark, 183 Ill. 2d 261, 266-

67, 700 N.E.2d 1039, 1042 (1998) (discussing section 5-8-4(h)).

Resolution of the issue here requires us to interpret

the phrase "pretrial release" as it is used in section 5-8-4(h)

of the Code.  Statutory interpretation constitutes a matter of

law subject to de novo review.  People v. Bradley M., 352 Ill.

App. 3d 291, 294, 815 N.E.2d 1209, 1211 (2004).  When construing

a statute, we must give effect to the legislature's intent.

Calibraro v. Board of Trustees of Buffalo Grove Firefighters'

Pension Fund, 367 Ill. App. 3d 259, 262, 854 N.E.2d 787, 790

(2006).  "[I]n determining the legislature's intent, the court

may properly consider not only the language of the statute, but

also the reason and necessity for the law, the evils sought to be

remedied, and the purpose to be achieved."  People v. Culbreath,

343 Ill. App. 3d 998, 1010, 798 N.E.2d 1268, 1277 (2003).

- 6 -

"Pretrial" obviously means that which occurs prior to a case going to trial. "Release" is defined as "the fact of being freed from restraint or confinement." Black's Law Dictionary 1292 (7th ed. 1999).

Giving the words their plain and ordinary meaning, we conclude that defendant was on "pretrial release" beginning on May 6, 2004, when he was mistakenly released from DOC prior to any trial in case Nos. 04-CF-362 and 04-CF-378, until June 8, 2004, when he was again taken into custody. We find support for our conclusion in People v. Virgin, 302 Ill. App. 3d 438, 453, 707 N.E.2d 97, 107 (1998), in which the First District concluded that a defendant was on pretrial release as contemplated by section 5-8-4(h) when, after being arraigned, the trial court failed to set bond or release the defendant on his own recognizance and, instead, the defendant simply was released into the community.

We note that our construction of the phrase "pretrial release" fully comports with the legislature's intent in enacting section 5-8-4(h). As the Virgin court noted, "[t]he legislative intent of [section 5-8-4(h)] is clearly to protect the community by deterring felons who have been released into the community while awaiting trial from committing other felonies." Virgin, 302 Ill. App. 3d at 453, 707 N.E.2d at 107.

In addition, we agree with the State that defendant's

failure to secure his release by posting a bond did not exempt him from mandatory consecutive sentencing under section 5-8-4(h) of the Code (730 ILCS 5/5-8-4(h) (West 2004)).  In that regard, we agree with the First District in <u>Virgin</u>, 302 Ill. App. 3d at 453, 707 N.E.2d at 107, which wrote as follows:

> "[S]ection [5-8-4(h)], unlike section 5-8-4(i) [(730 ILCS 5/5-8-4(i) (West 1996))], does not require a bond in order to be applicable.  While it may be true that, in most cases, a defendant on pretrial release is also on bond, there is nothing in subsection (h) which requires this be the case in order for consecutive sentencing to apply.  In this case, where defendant was apparently mistakenly not placed on bond but released pretrial, there is nothing in the language of the statute that would preclude the imposition of consecutive sentences under subsection (h)."

The record here shows that while on pretrial release in case Nos. 04-CF-362 and 04-CF-378, defendant committed three additional burglaries in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667.  Thus, section 5-8-4(h) mandated that the trial court order that the sentences imposed in case Nos. 04-CF-697, 04-CF-

659, and 04-CF-667 be served consecutively to the sentences imposed in case Nos. 04-CF-362 and 04-CF-378. Accordingly, we vacate the concurrent sentences imposed in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667 and remand with directions to amend the sentencing order to reflect that the six-year prison terms in those three cases are to be served consecutively to the sentences imposed in 04-CF-362 and 04-CF-378.

### III. CONCLUSION

For the reasons stated, we vacate the concurrent sentences imposed in case Nos. 04-CF-697, 04-CF-659, and 04-CF-667 and remand with directions to amend the sentencing order to reflect that the six-year prison terms in those three cases are to be served consecutively to the sentences imposed in 04-CF-362 and 04-CF-378.

Vacated and remanded with directions.

MYERSCOUGH and TURNER, JJ., concur.