# Illinois Official Reports

## Appellate Court

---

**People v. Borowski, 2015 IL App (2d) 141081**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE A. BOROWSKI, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-1081 |
| Filed | August 5, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 08-CF-571; the Hon. C. Robert Tobin III, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Daniel J. Regna (argued), of Woodstock, for appellant.<br><br>Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Victoria E. Jozef (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Justices Birkett and Spence concurred in the judgment and opinion. |

¶ 1       On December 8, 2008, a Boone County grand jury indicted defendant, Wayne A. Borowski, on a single count of driving while his license was suspended (DWLS), in violation of section 6-303 of the Illinois Vehicle Code (Code) (625 ILCS 5/6-303 (West 2008)). The offense, which allegedly occurred on October 16, 2008, was charged as a Class 4 felony pursuant to section 6-303(d) of the Code, which provides, in pertinent part, that "[a]ny person convicted of a second violation of [section 6-303] shall be guilty of a Class 4 felony *** if the *** suspension was for a violation of *** [section] 11-501 of this Code *** or a statutory summary suspension under Section 11-501.1 of this Code." 625 ILCS 5/6-303(d) (West 2008). Defendant entered a nonnegotiated guilty plea to DWLS, but the classification of the offense as a misdemeanor or a felony was reserved for sentencing. Following defendant's sentencing hearing, the trial court entered a conviction of Class 4 felony DWLS, sentenced defendant to 18 months' conditional discharge, and ordered him to perform 300 hours of community service. Defendant unsuccessfully moved for reconsideration of his sentence, maintaining that he had no prior conviction of a violation of section 6-303 and that he was thus guilty of a misdemeanor rather than a felony. The trial court denied the motion, and this appeal followed. We affirm.

¶ 2       In 1987, defendant was arrested for driving under the influence. That arrest led to the statutory summary suspension of defendant's driving privileges. In March 1994, defendant was charged with DWLS in McHenry County. The charge was prosecuted by the Village of Richmond. Defendant failed to appear on that charge, and a bond forfeiture judgment was entered. When defendant entered his guilty plea in the present case, he was represented by an assistant Boone County public defender. Prior to sentencing, a privately retained attorney appeared as substitute counsel for defendant and filed a motion to withdraw defendant's guilty plea. The motion appears to have been premised on the mistaken belief that defendant had pleaded guilty to *felony* DWLS. As noted, the classification of the offense was reserved for sentencing. The motion alleged that an "updated" abstract of defendant's driver's license showed no prior conviction of DWLS. A certified abstract of defendant's driver's license dated April 24, 2014, was attached to the motion as an exhibit. The trial court heard and denied the motion on July 18, 2014.

¶ 3       At sentencing, the State proffered a certified abstract of defendant's driver's license dated November 13, 2008, showing that a bond forfeiture judgment was entered in the McHenry County DWLS prosecution on September 20, 1994. Defendant proffered a certified copy of an order entered in the McHenry County prosecution on November 7, 2013, stating, in pertinent part, as follows:

"The above-captioned matter coming on to be heard for oral argument on defendant's petition to vacate judgment–bond forfeiture and motion to schedule trial, all parties present, the court being fully advised in the premises and having jurisdiction, hereby finds [and] orders:

1) Petition to vacate bond forfeiture is denied. Bond remains forfeited for failure to appear.

2) The underlying DWLS misdemeanor charge being open without disposition, the [Village of Richmond] moves to nolle pros.

3) DWLS *** is nolle prossed and case closed."

Both documents were admitted into evidence. The trial court concluded that the bond forfeiture in the McHenry County DWLS prosecution constituted a prior conviction and that the present offense was therefore a felony.

¶ 4    Pursuant to section 6-303(d) of the Code, whether the offense in this case is a misdemeanor or a felony depends on whether it is defendant's first or second conviction of a violation of section 6-303. See 625 ILCS 5/6-303(d) (West 2008). In *People v. Smith*, 345 Ill. App. 3d 179 (2004), this court observed that several provisions of the Code define "conviction" to include a bond forfeiture judgment. *Id.* at 185-86 (citing 625 ILCS 5/6-100(b), 6-204(c), 6-500, 6-700(c) (West 2000)). We held that "under the *** Code, a conviction that stems from a bond forfeiture is equivalent to any other conviction" and that "[a] conviction is necessarily a violation." *Id.* at 186. We further considered the argument that the use of a bond forfeiture judgment as a sentencing enhancement factor ran afoul of the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Rejecting the argument, we reasoned as follows:

"In *Apprendi*, the United States Supreme Court held that any fact, other than a prior conviction, that increases the penalty for an offense beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. [Citation.] The Supreme Court reasoned that prior convictions do not implicate *Apprendi* because they involve proceedings equipped with procedural safeguards. [Citation.] ***

Again, for purposes of the *** Code, a conviction that results from a bond forfeiture is functionally equivalent to any other conviction. Although [defendant] argues otherwise, bond forfeiture proceedings are not devoid of procedural safeguards. We note that when a defendant fails to appear on charges under the Vehicle Code and consequently sustains a conviction by way of a bond forfeiture, the defendant may move to vacate that conviction. However, when a defendant fails to avail himself of this safeguard, the legislature has permitted courts to infer that the defendant has committed the offense. [Citation.] This inference passes constitutional muster. Highway driving is a privilege and not a right. [Citation.] When a person obtains a driver's license, he consents to the conditions imposed by the legislature in exchange for that privilege. [Citation.] One such condition is that a conviction that arises from a bond forfeiture is like any other conviction upon which a court may rely in imposing an enhanced sentence." *Smith*, 345 Ill. App. 3d at 187.

¶ 5    Defendant maintains, however, that he availed himself of the procedural safeguards discussed in *Smith* when he "appeared in the Circuit Court of McHenry County to resolve the underlying misdemeanor DWLS charge against him." Defendant contends that, based upon the dismissal of that charge, "the Illinois Secretary of State expunged and removed the judgment bond forfeiture conviction from Borowski's driving abstract." The argument is without merit. The circuit court of McHenry County *denied* defendant's petition to vacate the bond forfeiture. It is not apparent why, notwithstanding the denial of that petition, the notation of the bond forfeiture was absent from the abstract of defendant's driver's license dated April 24, 2014. A certified copy of the abstract of a motorist's driver's license is *prima facie* evidence of the facts stated therein. 625 ILCS 5/2-123(g)(6) (West 2012); *People v. Minor*, 197 Ill. App. 3d 500, 502 (1990). *Prima facie* evidence is "[e]vidence that will establish a fact or sustain a judgment

*unless contradictory evidence is produced*." (Emphasis added.) Black's Law Dictionary 598 (8th ed. 2004). To the extent that the abstract dated April 24, 2014, was *prima facie* evidence that there was no subsisting bond forfeiture judgment against defendant, it was clearly contradicted by the certified copy of the actual order denying the petition to vacate the bond forfeiture and confirming that "[b]ond remains forfeited for failure to appear."

¶ 6        In an apparent effort to avoid the effect of the certified copy of the order of the circuit court of McHenry County, defendant argues that "based upon the Separation of Powers doctrine, the Boone County judge must respect the administrative decision-making of the co-equal Executive branch of government, being the Illinois Secretary of State, to vacate Borowski's judgment of bond forfeiture conviction." Suffice it to say that, because defendant has cited no authority in support of this argument, he has forfeited our review of this issue. *Department of Human Services v. Porter*, 396 Ill. App. 3d 701, 719 (2009).

¶ 7        Defendant has likewise forfeited his alternative argument that, if, for purposes of section 6-303(d) of the Code, the bond forfeiture judgment was a conviction as a matter of law, he should have been admonished that a guilty plea would result in a felony conviction. Defendant cites no authority in support of this argument. Moreover, the argument is essentially a challenge to his guilty plea. As such, appellate review is subject to compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013), which provides, in pertinent part, that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, *within 30 days of the date on which sentence is imposed*, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." (Emphasis added.) A motion filed prior to sentencing does not satisfy Rule 604(d) for purposes of appeal. *People v. Ramage*, 229 Ill. App. 3d 1027, 1031 (1992). Defendant moved to withdraw his plea before sentencing. After sentencing, he moved for reconsideration of his sentence and did not renew his motion to withdraw his plea. Accordingly, the challenge to the plea is not properly before us.

¶ 8        For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 9        Affirmed.