2024 IL App (1st) 231167

Fourth Division
Filed July 11, 2024

Nos. 1-23-1167, 1-23-1168, 1-23-1171, 1-23-1231 cons.

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, ) | |
| ) | Nos. YE785290 |
| ) | 20-MC6-00174701 |
| v. ) | 20-MC6-00178801 |
| ) | 20-MC6-00254701 |
| CHANTEL B. GREEN, ) | |
| Defendant-Appellant. ) | The Honorable Tommy Brewer, |
| ) | Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court, with opinion
Presiding Justice Rochford and Justice Hoffman concurred in the judgment and opinion.

**OPINION**

¶ 1   For most practical purposes, the Illinois Driver Licensing Law (625 ILCS 5/6-100 to 6-1013 (West 2022)), treats judgments entered on bond forfeitures in traffic cases as equivalent to convictions. In this case, we are asked to decide whether that treatment extends beyond the Driver Licensing Law to the sealing provisions of section 5.2(c) of the Criminal Identification Act. 20 ILCS 2630/5.2(c) (West 2022). We hold that it does not, so we affirm the circuit court's order denying appellant Chantel Green's request to seal records associated with her still-pending prosecution for driving on a suspended license. Because that pending prosecution does not pose a barrier to expunging the records of three unrelated misdemeanor prosecutions, however, we vacate the court's order denying Green's requests to expunge those cases and remand for the court to consider those requests on the merits.

¶ 2                                    BACKGROUND

¶ 3     Green initiated the proceedings leading to this appeal in 2022 by filing a request to expunge three criminal cases and seal one traffic case.[1]

¶ 4     The traffic case arose out of a citation the Lynwood police issued to Green in 2019 for driving on a suspended license. Green did not appear for the initial court date on the citation, so the court issued a bond-forfeiture notice and continued the case to a new date just over one month later. When she did not appear for the continued date, the court entered a judgment on bond forfeiture. No further proceedings were held.

¶ 5     The three criminal cases were initiated by separate misdemeanor complaints, all of which were filed in 2020 and later stricken with leave to reinstate. The first complaint, filed on February 25, 2020, charged Green with battery. On the State's motion, on March 11, 2020, it was stricken with leave to reinstate because the complaining witness did "not want to proceed." The second complaint, filed on March 26, 2020, also charged Green with battery. That complaint was stricken on the State's motion with leave to reinstate on October 23, 2020. The third complaint, filed on May 18, 2020, charged Green with criminal trespass to real property and assault. It was still pending in March 2021 when Green failed to appear for a court date, so the court ordered her bond forfeited and entered judgment thereon. Green resumed attending court in September 2021, and the court vacated the judgment on bond forfeiture. Ultimately, on August 16, 2022, the complaint was stricken with leave to reinstate. The court sheet for that date also indicates that Green demanded trial.

---

[1] In addition to the record in each appeal, we take judicial notice of the information found in the circuit court clerk's online docketing system for the underlying cases. See *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 24 n.4.

¶ 6    Green filed, in October 2022, a *pro se* request to expunge and seal using the form approved by the Illinois Supreme Court. It asked to expunge the three criminal cases and noted that the outcome in each of them was "SOL" (stricken off with leave to reinstate). It also asked to seal the traffic case, but it did not note what the outcome of that case had been.

¶ 7    At a hearing in January 2023, the court noted that the State had objected because the traffic case was still open.[2] Green, who was represented by counsel by this point, argued that the judgment entered on her bond forfeiture in the traffic case was a conviction under the Vehicle Code and, for that reason, a final disposition that permitted sealing. The State countered that the traffic case could not be sealed because it was still open and that the judgment on bond forfeiture, although a conviction for certain purposes, was not a disposition under the Criminal Identification Act. At the court's request, the parties submitted written briefs addressing the question. After hearing argument again in March 2023, the court made a preliminary finding that a judgment on bond forfeiture was not a final conviction under the Criminal Identification Act:

> "THE COURT: *** [V]iewing the briefs of both parties, hearing arguments, reviewing the statutory statutes of governing positions [*sic*] I believe that JBFX is not a final disposition and is not a conviction.
>
> It does say that in the Illinois Vehicle Code but the way I read that that's for the purposes of reporting to the Secretary of State."

It reserved a final ruling, however, so it could find out from the presiding judge at the Chicago courthouse whether petitions to seal were routinely granted in traffic cases that had been resolved

---

[2] The State asserted in a later filing that it had "filed an [o]bjection to the sealing of case number YE785290 [the traffic case] alleging that the case was still open and[,] therefore, ineligible under the Criminal Identification Act for sealing." The objection is neither included in the record on appeal nor reflected in the clerk's online docket.

with judgments on bond forfeitures as opposed to formal judgments of conviction. Two weeks later, it denied Green's request to expunge:

> "THE COURT: Okay. We were comparing the [Criminal] Identification Act with the Illinois Motor Vehicle Code. For the purposes of the *** Illinois Motor Vehicle [C]ode, JBFX is a final disposition but not for the [Criminal Identification Act]. I was going to enter that finding on the last date, but I was advised that that's the way they did it at 26th and California and treated it as a final disposition. I spoke to the PJ from 26th Street. She said that is not true. I was going to check as a surety [*sic*]. She said that was not true. That was after talking to some of the other judges who hear expungement cases."

Following the hearing, the court, using a form provided by Green when she filed her original request, entered a signed order in all four cases entitled "Order Denying Request to Expunge & Impound and/or Seal Criminal Records." The court did not check any of the boxes provided on the form indicating whether the denial was as to all of the cases covered by the request or just some of them. In the three criminal cases, the court also entered disposition sheets noting that Green's petition to expunge had been denied.[3]

¶ 8    Green filed a timely motion to reconsider. In denying the motion, the court clarified that it had denied the request to expunge and seal as a whole:

---

[3] The entry of the disposition sheets, in combination with the later denial of a motion to reconsider, satisfies us that the circuit court entered an appealable order. *Cf. W.M. Mold & Tool v. DeRosa*, 251 Ill. App. 3d 433, 437 (1993) ("Absent a draft order indicating otherwise, the court's order reflected on the order sheet was the entry of the order into the record.").

"THE COURT: *** So my ruling, based on the Criminal Identification

Act, [is] that it [the judgment on bond forfeiture] does not fall under that.

So I'm going to deny your motion.

[GREEN'S ATTORNEY]: Okay. And is her—all her criminal cases

denied or just her traffic case? I know that the State—I believe that the State

was only objecting to the traffic case.

THE COURT: Well, they're objecting to an open case. So they don't

have any objections to the other cases. They just asked the Court to not enter

any order pending the resolution of a JBFX."

This appeal followed.

¶ 9                                    ANALYSIS

¶ 10    On appeal, Green argues that the circuit court erred by determining that the judgment on

the bond forfeiture in her traffic case did not amount to a conviction for the purposes of sealing

under the Criminal Identification Act, and she asks us to reverse the circuit court's denial of her

request to expunge and seal. Green's argument requires us to interpret the Criminal Identification

Act, so our review is *de novo*. *People v. Clark*, 2019 IL 122891, ¶ 17.

¶ 11    When interpreting a statute, the ultimate goal is "to ascertain and give effect to the true

intent of the legislature." *Id.* ¶ 18. The best, "most reliable" indication of the legislature's intent is

the statutory language itself. *Id.* ¶ 20. If the statutory language is clear and unambiguous, it must

be applied without resorting to other aids of statutory construction. *Bettis v. Marsaglia*, 2014 IL

117050, ¶ 13. The court cannot depart from the plain language of the statute by reading into it

exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Id.*

When determining the legislature's intent, we "may consider the reason for the law, the problems

sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another." *Clark*, 2019 IL 122891, ¶ 20.

¶ 12 Section 5.2 of the Criminal Identification Act authorizes the expungement or sealing of eligible records related to criminal arrests and charges not resulting in arrests. 20 ILCS 2630/5.2 (West 2022). Subject to exclusions not relevant to this appeal, among those records eligible for sealing are the records of "[a]rrests or charges not initiated by arrest resulting in convictions." *Id.* § 5.2(c)(2)(D). The decisive issue in this case is whether the judgment on bond forfeiture entered in Green's 2019 traffic case resulted in a "conviction[ ]" under that provision.

¶ 13 Section 5.2(a)(1) itself sets out several definitions and provides that, for the purposes of the Criminal Identification Act, the defined "words and phrases have the meaning set forth in this subsection, except when a particular context clearly requires a different meaning." *Id.* § 5.2(a)(1). It gives the following definition for *conviction*:

> " 'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury. An order of supervision successfully completed by the petitioner is not a conviction. An order of qualified probation (as defined in subsection (a)(1)(J)) successfully completed by the petitioner is not a conviction. An order of supervision or an order of qualified probation that is terminated unsatisfactorily is a conviction, unless the unsatisfactory termination is reversed, vacated, or modified and the judgment of conviction, if any, is reversed or vacated." *Id.* § 5.2(a)(1)(C).

Except for the specific provisions governing whether orders of supervision or qualified probation are convictions, this definition is identical to the one provided by the Criminal Code of 2012 (see 720 ILCS 5/2-5 (West 2022)) and the Unified Code of Corrections (see 730 ILCS 5/5-1-5 (West 2022)). Under this definition, the judgment on Green's bond forfeiture in her traffic case is not a conviction because it was not entered on a plea or verdict of guilty.

¶ 14    Green does not dispute that her judgment on bond forfeiture is not a conviction under the definition provided in section 5.2(a)(1)(C). She urges us to instead use the definition of a conviction given in the Driver Licensing Law, which includes judgments entered on bond forfeitures. See, *e.g.*, 625 ILCS 5/6-100(b) (West 2022). Her argument relies on the interpretive principle set forth in the Criminal Identification Act directing courts not to use the statutory definition of a term "when a particular context clearly requires a different meaning." 20 ILCS 2630/5.2(a)(1) (West 2022). She contends that the particular context of "[t]raffic cases that end in judgments on bond forfeiture" requires a different definition of *conviction* for the purposes of sealing.

¶ 15    Green's interpretation misunderstands section 5.2(a)(1)'s allowance for giving a defined term a different meaning in certain contexts. That interpretive directive reflects the reality that words often have more than one meaning. *Conviction*, for instance, frequently means "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty" or "[t]he judgment (as by a jury verdict) that a person is guilty of a crime." Black's Law Dictionary (11th ed. 2019). A similar sense of the word refers to a legislature's declaration that an impeached official is guilty of misconduct. *Id.* But *conviction* can also mean "a strong persuasion or belief," "the state of being convinced," or "a feeling or awareness of the rightness, truth, or certainty of what is thought, spoken, or done." Webster's Third New International Dictionary 499 (1986). The

point of the particular-context clause in section 5.2 is to make sure that courts do not mechanically apply the statutory definition of a defined term when it is apparent from the surrounding context that the word is being used in a different sense. When the term is being used in the sense defined by statute, however, the particular-context clause does not empower us to disregard, expand, or otherwise alter the statutory definition.

¶ 16    Here, section 5.2(c)(2) makes certain records eligible for sealing, including records of "[a]rrests or charges not initiated by arrest resulting in convictions" for nonexcluded offenses. 20 ILCS 2630/5.2(c)(2) (West 2022). It is clear that this provision uses *conviction* in its defined sense, not some other sense of the word, and the statutory definition does not include judgments on bond forfeitures. It follows that the judgment on Green's bond forfeiture in her traffic case is not a conviction under section 5.2(c)(2), so the records associated with her traffic case are not eligible for sealing at this time. The circuit court properly denied her request to seal.

¶ 17    Although the circuit court correctly denied Green's request to seal the records of her traffic case, that is not dispositive of its denial of her requests to expunge the records of the three criminal cases that were stricken with leave to reinstate. In her brief, Green argues that the pendency of her traffic case does not preclude expungement in her criminal cases. We agree.[4] The Criminal Identification Act anticipates joining multiple requests for expungement or sealing in a single pleading. See *id.* § 5.2(d)(1). Otherwise, nothing in the statute requires the court to take an all-or-

---

[4] Green presents this contention only as support for her argument that the context of her case requires a different definition of *conviction* than that set out in the Criminal Identification Act, thereby forfeiting it as a distinct claim of error. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). However, forfeiture is a limitation on the parties, not the court, and our "responsibility *** for a just result may sometimes override the considerations of [forfeiture]." *Li Jun Huang v. Uribe*, 2020 IL App (1st) 192037, ¶ 40. On appeal, Green specifically asks us to "reverse the Circuit Court's denial of her petition to seal *and expunge*." (Emphasis added.) Given that request, we believe this is an appropriate case in which to exercise our discretion to overlook forfeiture.

nothing approach rather than evaluating each request individually. To the contrary, the waiting period for expungement is determined on a case-by-case basis. See *id.* § 5.2(b)(2). The forms approved for statewide use by the Illinois Supreme Court also expressly contemplate that the court can grant requests to expunge or seal as to some cases while denying requests as to others. See *Expungement and Sealing*, Office of the Ill. Courts, https://www.illinoiscourts.gov/forms/ approved-forms/forms-approved-forms-circuit-court/expungement-sealing (last visited July 3, 2024) [https://perma.cc/S2XN-AWGD]. Further, the statute does not require the court to deny a request to expunge an eligible arrest, charge, or conviction just because there is another open criminal case against the petitioner. Until recently, it may have been prudent to deny a request to expunge if the petitioner had a pending case because any criminal conviction would have disqualified the petitioner from seeking expungement in otherwise eligible cases. 20 ILCS 2630/5.2(b)(1)(A) (West 2014); see Andrew M. Weaver, *Survey of Illinois Law: Section 5.2 of the Criminal Identification Act: The Expungement and Sealing of Illinois Criminal Records*, 43 S. Ill. U. L.J. 889, 894-97 (2019) (describing development of expungement and sealing in Illinois). But that is no longer the case, and the existence of another conviction no longer precludes expungement. See Public Act 99-881, § 5 (eff. Jan. 1, 2017) (eliminating requirement of no criminal convictions).

¶ 18    The record discloses that the State's objection was limited to Green's request to seal the traffic case: its brief in the circuit court described its objection as being "to the sealing of case number YE785290" (the number in the traffic case), and the court noted on the record that the State was "objecting to an open case," did not "have any objections to the other cases," and was "just ask[ing] the Court not to enter any order pending the resolution of a [judgment on bond forfeiture]." The only basis the court articulated for denying Green's request to expunge the three

criminal cases was the pendency of her traffic case, which, as just explained, does not preclude expungement in other eligible cases. For that reason, we vacate the circuit court's denial of Green's requests to expunge the records associated with the three criminal cases, and we remand for the court to consider the merits of those requests and, if appropriate, to enter orders of expungement.

¶ 19                                    CONCLUSION

¶ 20    The order denying Green's request to seal in case number YE785290 is affirmed. The orders denying Green's request to expunge in case numbers 20-MC6-00177401, 20-MC6-00178801, and 20-MC6-00254701 is vacated, and the cause is remanded. On remand, the court is instructed to consider those requests on the merits and to enter an appropriate dispositional order.

¶ 21    No. 1-23-1167, Vacated and remanded with directions.

¶ 22    No. 1-23-1168, Affirmed.

¶ 23    No. 1-23-1171, Vacated and remanded with directions.

¶ 24    No. 1-24-1231, Vacated and remanded with directions.

*People v. Green*, 2024 IL App (1st) 231167

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. YE-785290, 20-MC6-00174701, 20-MC6-00178801, 20-MC6-00254701; the Hon. Tommy Brewer, Judge, presiding. |
| **Attorneys for Appellant:** | Nicole Schur, of Cabrini Green Legal Aid, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Andrew D. Yassan, and Paul E. Wojcicki, Assistant State's Attorneys, of counsel), for the People. |
| *Amicus Curiae*: | Joshua M. Bernstein and Evan Stahr, of Legal Aid Chicago, of Chicago, *amicus curiae*. |