2025 IL App (1st) 240873

No. 1-24-0873

August 8, 2025

FIFTH DIVISION

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

THE PEOPLE OF THE STATE OF ILLINOIS,   )  Appeal from the Circuit Court
                                                 )  of Cook County.
     Plaintiff-Appellee,                  )
                                                 )  Y007180740
    v.                                       )
                                                 )  The Honorable
JULIUS R. McCAIN,                  )  John Fairman,
                                               )  Judges, presiding.
     Defendant-Appellant.          )

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices Navarro and Mitchell concurred in the judgment and opinion.

**OPINION**

¶ 1      Defendant Julius R. McCain appeals the trial court's denial of his petition to seal certain records. The records were the result of a traffic stop on March 5, 1998, when defendant was issued tickets for (1) speeding (625 ILCS 5/11-601 (West 1998)), (2) driving with a suspended license (625 ILCS 5/6-303 (West 1998)), and (3) operating an uninsured motor vehicle (625 ILCS 5/3-707 (West 1998)). Defendant was issued a recognizance bond and instructed to appear in court. However, when he failed twice to appear, the court entered judgment on the bond forfeiture executed (JBFX) with respect to all three tickets.

¶ 2        Twenty-five years later, on May 19, 2023, defendant filed a petition to seal the records related to this bond forfeiture, pursuant to the Criminal Identification Act (Act) (20 ILCS 2630/5.2 (West 2022)). The State objected on the ground that no final disposition had been entered, and the trial court agreed, denying his petition on March 21, 2024.

¶ 3        A year later, on July 11, 2024, this court issued an opinion in *People v. Green*, 2024 IL App (1st) 231167, ¶ 1, which found that bond forfeitures in traffic cases were not eligible for sealing pursuant to the Act. In the instant appeal, defendant does *not* argue that the *Green* opinion was wrongly decided. For the purposes of this appeal, he accepts that the words of the Act do not authorize sealing. Instead, defendant raises constitutional challenges to the Act, arguing that this result violates procedural due process, substantive due process, and equal protection.

¶ 4        For the following reasons, we do not find his constitutional arguments persuasive and affirm.

¶ 5                                          I. BACKGROUND

¶ 6        On May 19, 2023, defendant filed his petition to seal.[1] The State responded: "The defendant did not appear on this case and it went JBFX. Final disposition has not been entered[;] therefore defendant cannot seal." On September 14, 2023, defendant replied that statutory and case law permitted sealing, that the statute of limitations to prosecute the underlying citations had run, and that, in the alternative, the State was barred by the doctrine of laches from objecting. As previously noted, defendant does not raise these issues on appeal.

---

[1]Defendant's appellate brief notes that his petition to seal is not in the appellate record and states that he will supplement the record with it. The record has not been supplemented but this does not affect our consideration of the constitutional issues that he raises here.

¶ 7 The hearing on September 21, 2023, began with the State saying that it had no objection to another petition by defendant, which sought to expunge a disorderly conduct case, and the court granted that petition. Turning to the present bond-forfeiture case, the judge remarked: "Counsel, this looks like it's still an outstanding case that's never been resolved." Defense counsel replied by arguing that bond forfeitures are convictions. The judge responded:

"So I can tell you, Counsel, having done this for years, it sounds like you had a judge that was extremely nice and didn't put warrant to issue, which is generally how most of these would have been done: JBFX, warrant to stand, off call. They just did JBFX and no warrant was attached, but this is still a live case ***."

¶ 8 The judge explained to counsel that he would need to bring the case "back in over to the courtroom where this resides in." The judge stated that counsel was "lucky" because "there's at least a 50 percent probability" that the State would not proceed. The judge suggested that counsel could "resolve this within the next 30 days and bring it back to me in October." The judge noted: "I've issued over the past 90 days at least ten [JBFX] myself, and I do not consider that a final disposition."

¶ 9 The judge stated that the petition would be denied, but he first gave counsel the option "to withdraw it or continue it so that you can resolve the case." Counsel chose the denial, which the court entered in a written order on September 21, 2023, following the hearing.

¶ 10 On November 20, 2023, defendant filed a motion to reconsider, which reiterated his prior arguments based on statutory and case law, including the statute of limitations. However, his reconsideration motion added a section that argued (1) a due process violation and (2) a violation of the double jeopardy clause. Defendant does not advance the double jeopardy argument on appeal, so we do not repeat it here.

¶ 11    With respect to his due process claim, defendant's reconsideration motion argued that "the procedures employed by the State [that] have violated [defendant's] right to due process [were]: charging but never trying him even after the termination of any purported continuing offense 23 years ago, purporting to maintain the bond-forfeiture conviction as active on the Court's docket, and objecting to his petition to seal on the grounds created by its own inaction."

¶ 12    At the reconsideration hearing on March 21, 2024, defense counsel argued that a bond forfeiture "falls into the definition of a conviction under" the Act, which is an argument that defendant is no longer pursuing on appeal. In response, the State argued that, "if this is a final disposition, then what is the sentence? What is the fine? Did he get supervision? Conviction?" The State contended that there was a fairness concern, asking "why should this individual benefit from a seal when they couldn't avail themselves to come in front of the Court to handle their case"? Following the hearing on March 21, 2024, the trial court issued a written order on which it checked the box stating: "Petitioner's record is not legally eligible for relief." The judge handwrote a note on the form order which stated in full: "JBFX order is a Civil Judgment distinct from the Criminal Prosecution, the order does not release the Defendant from Prosecution, and is not an adjudication of the underlying charge."

¶ 13    On April 18, 2024, defendant filed a notice of appeal, contesting both the original denial order entered on September 21, 2023, and the subsequent denial of his reconsideration motion on March 21, 2024. This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant argues that the Act's "omission" of bond forfeitures from its sealing provision violates federal and state constitutional guarantees of (1) procedural due

process, (2) substantive due process, and (3) equal protection. In response, the State argues that defendant's claim is a substantive due process claim, not a procedural due process claim, and that the Act's alleged "omission" violates neither due process nor equal protection. For the following reasons, we find the Act constitutional and affirm.

¶ 16                                    A. Motion to Reconsider

¶ 17        As noted above, defendant's due process claim was raised for the first time in his motion to reconsider, and his equal protection claim was raised for the first time on appeal. Section 5.2(d)(12) (20 ILCS 2630/5.2(d)(12) (West 2022)) of the Act provides that a motion to reconsider an order denying a motion to seal may be filed pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2022)), within 60 days of the order. Defendant timely filed his reconsideration motion within 60 days.

¶ 18        Since a decision whether to grant a motion under section 2-1203 is discretionary, we normally review a trial court's ruling only for an abuse of discretion. *Wolkowitz v. Jamison*, 2024 IL App (1st) 230455, ¶ 34. An abuse of discretion occurs when the trial court's ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same position. *Wolkowitz*, 2024 IL App (1st) 230455, ¶ 34.

¶ 19        The purpose of a motion under section 2-1203 is to alert the trial court to errors it made and to permit the trial court an opportunity to correct them. *Wolkowitz*, 2024 IL App (1st) 230455, ¶ 42. A section 2-1203 should bring to the court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the court's previous application of existing law. *Wolkowitz*, 2024 IL App (1st) 230455, ¶ 42. In the case at bar, defendant's 2-1203 motion raised new legal arguments—namely, a due process argument. However, on appeal, the State does not challenge defendant's due process or equal protection arguments on the basis of

forfeiture and thus, has forfeited any forfeiture argument it had. *People v. Bush*, 2023 IL 128747, ¶ 56 (the State forfeited its forfeiture argument by failing to make it). As a result, we proceed to consideration of defendant's substantive arguments.

¶ 20                                    B. Standard of Review

¶ 21         "[S]tatutes are presumed constitutional, and this court will construe a statute in a manner that affirms the constitutionality of the statute, if reasonably possible." *In re M.A.*, 2015 IL 118049, ¶ 21. "The party challenging the constitutionality of a statute has the burden of proving that the statute is unconstitutional." *In re M.A.*, 2015 IL 118049, ¶ 21. Whether a statute is constitutional is a question of law that we review *de novo*. *In re M.A.*, 2015 IL 118049, ¶ 21.

¶ 22         With statutory interpretation, our primary goal is to ascertain and give effect to the intent of the statute's drafters. *VC&M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 30. The most reliable indicator of the drafters' intent is the language they chose to use in the statute itself. *VC&M, Ltd.*, 2013 IL 114445, ¶ 30. When reading the language of the statute, we give the words their plain and ordinary meaning. *VC&M, Ltd.*, 2013 IL 114445, ¶ 30.

¶ 23                                    C. Excluded Offenses

¶ 24         The Act specifically excludes certain categories of offenses from its sealing provisions. 20 ILCS 2630/5.2(a)(3) (West 2022). On appeal, defendant cites this section but does not challenge its constitutionality. Defendant's constitutional arguments are limited to challenging the Act's alleged omission to treat bond forfeitures as convictions.

¶ 25         Among other things, the Act *excludes* from its sealing provisions (1) driving while under the influence (625 ILCS 5/11-501 (West 2022)), (2) reckless driving (625 ILCS 5/11-503 (West 2022)), and (3) minor traffic offenses, which the Act defines as petty offenses or

Class C misdemeanors under the Illinois Vehicle Code. 20 ILCS 2630/5.2(a)(1)(G), (a)(3)(A) (West 2022).

¶ 26      Two of defendant's three tickets were for petty offenses or Class C misdemeanors and, thus, were never eligible for sealing. As noted, defendant's three tickets were for (1) speeding (625 ILCS 5/11-601 (West 1998)); (2) driving with a suspended license, a Class A misdemeanor (625 ILCS 5/6-303(a) (West 1998)); and (3) operating an uninsured motor vehicle (625 ILCS 5/3-707 (West 1998)). The last one is specifically defined by statute as "a petty offense," and so was never eligible under the Act for sealing—whether or not a bond forfeiture qualified as a conviction under the Act. See 625 ILCS 5/3-707(c) (West 2022) (any operator of a motor vehicle "who is convicted of violating this Section is guilty of a petty offense"). However, there remains a live controversy with respect to the Class A misdemeanor.

¶ 27                              D. Procedural Due Process

¶ 28      Defendant's first claim on appeal is that the Act's alleged failure to treat bond forfeitures as convictions violates procedural due process.

¶ 29      "A procedural due process claim challenges the constitutionality of specific procedures used to deny a person's life, liberty or property." *In re M.A.*, 2015 IL 118049, ¶ 35. The fundamental requirements of due process are (1) notice of the proceeding and (2) an opportunity to present any objections. *In re M.A.*, 2015 IL 118049, ¶ 35. While the due process clause of our state constitution may be construed independently of the federal due process clause, defendant does not argue that it should be in his case. *In re M.A.*, 2015 IL 118049, ¶ 38.

¶ 30      The State argues that defendant's claim is not a procedural due process claim, and we must agree. Defendant does not argue—with respect to any proceeding connected with this case or with the underlying bond forfeiture—that he was deprived of (1) notice or (2) an

opportunity to be heard. Instead, he argues that the legislators acted arbitrarily and unreasonably when they failed to extend the protections of the sealing provision to cover bond forfeitures. *In re M.A.*, 2015 IL 118049, ¶ 55 (allegations of an arbitrary or unreasonable legislative purpose constitute a substantive due process challenge). His claim is one of substantive rather than procedural due process.

¶ 31    The irony is that the court did offer a process by which defendant could resolve his issue and be heard—and he did not want it. The court explained that he could bring the case back up in the original courtroom and likely resolve it in 30 days. The court gave counsel the option to withdraw or continue the petition, to permit resolution of the underlying case, and then bring the petition back to the court in a month. But he turned down that opportunity to be heard. Thus, defendant is not complaining about the lack of notice or an opportunity to be heard. See *People v. Smith*, 345 Ill. App. 3d 179, 187 (2004) (when a defendant fails to appear on charges under the Vehicle Code and sustains a bond forfeiture, the law provides "procedural safeguards," including the option to move to vacate).

¶ 32                                    E. Substantive Due Process

¶ 33    Defendant does not argue for strict scrutiny; thus, we apply the rational basis test to his substantive due process challenge. *In re M.A.*, 2015 IL 118049, ¶ 55. A statute will be upheld under the rational basis test, so long as it bears a rational relationship to a legitimate legislative purpose and is neither arbitrary nor unreasonable. *In re M.A.*, 2015 IL 118049, ¶ 55. A statute does not have to use the best means to accomplish its objective, so long as its means are a reasonable method of accomplishing it. *In re M.A.*, 2015 IL 118049, ¶ 55. "Courts will not second guess the wisdom of legislative enactments or dictate alternative means to achieve the desired result." *In re M.A.*, 2015 IL 118049, ¶ 55.

¶ 34    Defendant is challenging an absence, rather than an enactment; and neither party directs us to legislative history where legislators discussed choosing not to include bond forfeitures. Defendant does not argue that it was considered or rejected by them. Thus, we find the Act's purpose from the plain language of its words, which is always the primary place courts turn to discover legislative intent. *Supra* ¶ 22.

¶ 35    The sealing provision at issue applies only to a conviction, and the parties agree, pursuant to the *Green* case, that a bond forfeiture does not meet the Act's definition of a conviction. This definition, which by its terms excludes bond forfeitures, defines a conviction as "a judgment of conviction or sentence entered upon *a plea of guilty or upon a verdict* or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Emphasis added.) 20 ILCS 2630/5.2(a)(1)(C) (West 2022). The word "judgment," as used in the above definition, "means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, *it includes the sentence* pronounced by the court." (Emphasis added.) 730 ILCS 5/5-1-12 (West 2022); 20 ILCS 2630/5.2(a)(1)(A) (West 2022) (adopting the definition of "judgment" from the Unified Code of Corrections). Sealing is available for convictions, acquittals, successfully completed orders of supervision, and dismissals. 20 ILCS 2630/5.2(c)(2) (West 2022) ("Eligible Records").

¶ 36    We cannot find these definitions arbitrary or unreasonable. The legislators stressed a criminal disposition and chose not to reward those who failed to appear for it. This legislative purpose is reflected in the provision entitled: "When Records Are Eligible to Be Sealed." 20 ILCS 2630/5.2(c)(3) (West 2022). The earliest that records are eligible to be sealed is *after* the termination of a defendant's sentence. 20 ILCS 2630/5.2(c)(3) (West 2022). Simply put: no

risk of sentence, no privilege of sealing. 730 ILCS 5/5-1-12 (West 2022) ("it includes the sentence"). Like driving, sealing is a privilege, not a right. See *Smith*, 345 Ill. App. 3d at 187. We cannot find arbitrary or unreasonable the legislature's decision not to grant this privilege to those who fail to appear.

¶ 37                                    F. Equal Protection

¶ 38            The equal protection clauses of both federal and state constitutions guarantee that similarly situated individuals will be treated in a similar manner. *In re M.A.*, 2015 IL 118049, ¶ 24. As a result, a threshold matter with any equal protection claim is determining whether the individual asserting the violation is similarly situated to the comparison group. *In re M.A.*, 2015 IL 118049, ¶ 25. Different treatment of unlike groups will not support an equal protection claim. *In re M.A.*, 2015 IL 118049, ¶ 34. For example, our supreme court found that juvenile sex offenders were not similarly situated to juvenile violent offenders and rejected an equal protection claim on that basis, declaring that "[s]imply declaring a group similarly situated does not make it so absent some evidence that the individuals are in all respects alike." *In re M.A.*, 2015 IL 118049, ¶ 33. When a claimant fails to show that he or she is similarly situated to the comparison group, the claim must fail. *In re M.A.*, 2015 IL 118049, ¶ 26.

¶ 39            In the case at bar, bond forfeitures are not similarly situated to guilty pleas and verdicts. First, and most obviously, unlike the comparison group, there was no sentence. Defendant has successfully avoided sentencing for over 25 years, turning down the option of re-upping his case to obtain finality. In his case, there was no final sentencing order or mittimus and no sentencing hearing. *People v. Higuera*, 2019 IL App (3d) 180730, ¶ 7 (bond forfeiture is "distinct" from a sentencing order); *Green*, 2024 IL App (1st) 231167, ¶ 1 (this court affirmed the trial court's refusal, after defendant's bond forfeiture, to seal the records of her "still-

pending" prosecution for driving with a suspended license). Defendant concedes that, in bond forfeiture cases, no sentencing orders are entered.

¶ 40    Second, a bond forfeiture is a civil money judgment "distinct and independent" from the criminal offense of violation of bail bond. *People v. Ratliff*, 65 Ill. 2d 314, 318 (1976); *People v. Taylor*, 2013 IL App (2d) 110577, ¶ 26 (discussing 720 ILCS 5/32-10 (2010)). Defendant's appellate brief concedes that "the general rule in Illinois" is that bond forfeitures "are considered civil judgments."

¶ 41    Third, double jeopardy does not apply. Bond forfeiture is "a remedial civil penalty and not punishment for purposes of double jeopardy." *Taylor*, 2013 IL App (2d) 110577, ¶ 33. While sentences for driving with a revoked license or driving under the influence (DUI) may be enhanced based on prior DUI bond forfeitures, a possible future "enhancement of a sentence for a subsequent conviction is not punishment for purposes of double jeopardy." *Taylor*, 2013 IL App (2d) 110577, ¶¶ 30-32. Thus, unlike guilty pleas and verdicts, double jeopardy does not apply.

¶ 42    Defendant argues that "there is a single exception to this general rule" that bond forfeitures are considered civil judgments, and it is that the Illinois Vehicle Code defines them as convictions in traffic cases. As a result, they may be used to enhance a defendant's sentence in a subsequent proceeding without running afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Apprendi* permits the fact of a prior conviction to increase the penalty for a crime beyond the prescribed statutory maximum without being submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.

¶ 43    Defendant is correct that the possible sentencing enhancement from a bond forfeiture falls within the prior-conviction exception to *Apprendi* and is, in this limited way, similar to a

conviction. *Smith*, 345 Ill. App. 3d at 187. As the appellate court previously explained in *Smith* which defendant cites with approval, a defendant who sustains a bond forfeiture may move to vacate it. "However, when a defendant fails to avail himself of this safeguard, the legislature has permitted courts to infer that the defendant has committed the offense." *Smith*, 345 Ill. App. 3d at 187 (quoted with approval in *People v. Borowski*, 2015 IL App (2d) 141081, ¶ 4). "This inference passes constitutional muster," in light of the fact that driving is a privilege not a right and, when a person obtains a driver's license, he or she consents to conditions imposed by the legislature in exchange for that privilege. *Smith*, 345 Ill. App. 3d at 187 (quoted with approval in *Borowski*, 2015 IL App (2d) 141081, ¶ 4). One of those conditions is that a court may impose an enhanced sentence in traffic cases based on a bond forfeiture. *Smith*, 345 Ill. App. 3d at 187 (quoted with approval in *Borowski*, 2015 IL App (2d) 141081, ¶ 4).

¶ 44    As *Smith* explained, the enhancement is permissible because of the unique circumstances surrounding the State-granted privilege of driving. *Smith* shows why defendant's traffic case is different from the comparison group; and, thus, it does not support his equal protection argument.[2]

¶ 45    In sum, a possibly enhanced sentence in a traffic case is far too slim a similarity to shoulder an equal protection challenge, especially considering the dissimilarities between civil bond forfeitures, on the one hand, and criminal verdicts and pleas, on the other. See *People v. Taylor*, 221 Ill. 2d 157, 175-76 (2006) (there is a world of difference between whether an adjudication could be classified as a prior conviction for sentencing enhancement purposes under *Apprendi* and whether it could be used to prove an offense).

---

[2]As a practical matter, defendant does not explain how sealing would work in his case, when the bond forfeiture was entered on all three tickets, and two are excluded from sealing.

¶ 46                                   III. CONCLUSION

¶ 47         For the foregoing reasons, we do not find persuasive defendant's constitutional arguments regarding procedural and substantive due process and equal protection. Thus, we affirm the trial court's denial of his petition to seal.

¶ 48         Affirmed.

*People v. McCain*, **2025 IL App (1st) 240873**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. Y-007180740; the Hon. John Fairman, Judge, presiding. |
| **Attorneys for Appellant:** | Joshua M. Bernstein and Evan Stahr, of Legal Aid Chicago, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (John E. Nowak, Matthew Connors, and Daniel Piwowarczyk, Assistant State's Attorneys, of counsel), for the People. |