NOTICE
Decision filed 11/12/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250725-U

NO. 5-25-0725

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 25-CF-89 |
| | ) | |
| GRATES STACKS, | ) | Honorable |
| | ) | Brien J. O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment and opinion.

**ORDER**

¶ 1 *Held:* The trial court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2 The defendant, Grates Stacks, appeals the February 18, 2025, order from the trial court of Coles County that granted the State's petition to deny pretrial release and the July 3, 2025, denial of his motion for relief. The defendant filed a timely notice of appeal, and the Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a notice in lieu of a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024). We acknowledge that the defendant is not required to file a memorandum, and the motion for relief will represent the defendant's argument on appeal. The defendant's motion for relief does not argue that the defendant did not commit a detainable offense, but the defendant argues that he does

1

not pose a real and present threat to the victim or the community and that conditions would be suitable in this case. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On February 18, 2025, the defendant was charged with one count of domestic battery, a Class 4 felony, in violation of section 12-3.2(a) of the Criminal Code of 2012 (720 ILCS 5/12-3.2(a) (West 2022)), in Coles County case No. 2025-CF-89. On the same day, the State filed a verified petition to deny pretrial release, alleging that the defendant committed a forcible felony and posed a real and present threat to the safety of any person or the community. The trial court held a detention hearing. The State proceeded by proffer, including the contents of its petition and the sworn statement from the arresting officer describing the defendant's alleged battery of the victim, Ms. Stacks. The defendant argued that the State failed to meet its burden of proof, noting that he was employed, supported four children, and could be released under conditions such as electronic monitoring and a no-contact order. He further asserted that he did not reside with Ms. Stacks and that he had previously been granted pretrial release in Effingham County.

¶ 5       After considering the evidence, the trial court found that the defendant posed a real and present threat to the safety of the alleged victim based on specific, articulable facts, including an eyewitness account of the domestic battery. The trial court further found that no condition or combination of conditions would ensure compliance with court orders or mitigate the threat to the victim, in part due to the defendant's prior criminal history, which includes violent, abusive, or assaultive behavior. The court granted the State's petition to detain and ordered that the defendant have no contact with the victim. The trial court's February 18, 2025, order found that the evidence shows the defendant's actions were violent in nature, the defendant has a prior criminal history

2

that indicates violence, abuse, or assaultive behavior, and the defendant was already on release from another offense under state or federal law.

¶ 6    On March 6, 2025, a preliminary hearing was held. Officer Laughhunn of the Mattoon Police Department (MPD) testified that, on February 17, 2025, at approximately 2:18 p.m., Tyler Jones called to report a domestic dispute between his neighbors. Jones told Officer Laughhunn that, upon returning home from work, he heard screaming across the street and observed a physical altercation between the two parties at the passenger side of a parked vehicle. Jones stated that the male was attempting to pull the female out of the vehicle, and that the incident was captured on his Ring doorbell camera. Officer Laughhunn reviewed the footage and testified that it corroborated Jones's observations.

¶ 7    Officer Laughhunn also interviewed the alleged victim, Ms. Chelsea Stacks. She stated that upon arriving home, the defendant confronted her about cheating, shouted at her, and attempted to shove her out of the vehicle. He then went to the passenger side, grabbed her by the throat, and attempted to pull her out of the car. Ms. Stacks further reported a history of domestic abuse by the defendant, including incidents within the previous month, and stated that she had previously stayed at the HOPE House shelter because she feared the defendant.

¶ 8    Officer Laughhunn testified that he observed marks on Ms. Stacks's neck, which he described as claw or finger marks, along with several open lacerations. On cross-examination, Officer Laughhunn acknowledged that no ambulance was called and that Ms. Stacks did not seek medical treatment for her injuries. The court determined that continued detention was warranted based on the previously stated reasons, the defendant's criminal history, the nature of the offense, and the fact that the defendant was already on release for another state or federal offense.

¶ 9        On May 8, 2025, the court conducted a pretrial/preliminary hearing in Coles County case Nos. 2025-CF-89 and 2025-CF-190.[1] Detective Parsons, of the Cole County Sheriff's Office, testified regarding an altercation between the defendant and another inmate, Reiland Bryant, at the Coles County Safety and Detention Center. According to Detective Parsons, on April 1, 2025, at approximately 10:45 p.m., a physical altercation occurred between the defendant and Bryant. Near the conclusion of the altercation, Bryant turned away from the defendant, at which point the defendant charged at Bryant and struck him. The defendant then lifted Bryant and slammed him onto the detention center floor. Bryant subsequently experienced a "spasm" and was transported to the hospital. Detective Parsons testified that he later interviewed Bryant, who confirmed the account and stated he had sustained multiple skull fractures and partial facial paralysis due to nerve damage. On cross-examination, Detective Parsons acknowledged that after Bryant began having spasms on the floor, the defendant was observed banging on the door to summon officers, presumably to call for assistance. Detective Parsons further testified that he had not personally reviewed Bryant's medical records or otherwise verified Bryant's statements regarding his injuries. The court found probable cause to believe that the offense occurred. The court additionally found that continued detention of the defendant was warranted.

¶ 10       On May 16, 2025, the court held a *Krankel* hearing. *People v. Krankel*, 102 Ill. 2d 181 (1984). The defendant requested to proceed *pro se*, asserting that his current and prior attorneys had been ineffective, in part because he had not been informed that he could call a witness at his detention hearing. At the conclusion of the *Krankel* hearing, the court ordered that Attorney Palen

---

[1]On April 11, 2025, new charges were filed against the defendant in Cole County case No. 2025-CF-190 regarding an alleged aggravated battery in jail. This court may "take judicial notice of the information found in the circuit court clerk's online docketing system." *People v. Green*, 2024 IL App (1st) 231167, ¶ 3, n.1.

would remain as counsel for the defendant. At the final pretrial hearing on June 20, 2025, the defendant again requested to proceed *pro se*, and the court granted his request.

¶ 11    On June 24, 2025, the defendant, acting *pro se*, filed a "Motion of Relief." He primarily argued that his counsel was ineffective for failing to advise him that a witness could be called at the detention hearing. The motion did not argue that the offense was non-detainable but asserted that the defendant was not a threat to the victim or the public and should be released with conditions.

¶ 12    On July 3, 2025, the trial court held a hearing on the motion, which it construed as a motion for relief under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). The defendant called Ms. Stacks as a witness. On direct examination, Ms. Stacks testified that she had submitted a victim request form asking the State not to prosecute and that she did not believe the defendant would harm her. On cross-examination, Ms. Stacks either invoked her fifth amendment rights or stated that she did not recall when asked whether she feared the defendant, whether he had battered her on multiple prior occasions, whether she had requested an order of protection, and whether he had violated the no-contact order.

¶ 13    The defendant argued that Ms. Stacks's testimony demonstrated that he did not pose a threat and renewed his claim of ineffective assistance of counsel. He also asserted that electronic monitoring would allow him to maintain employment and family contact while ensuring compliance.

¶ 14    The State argued that Ms. Stacks's testimony was not credible. It noted that the defendant had previously been charged with battery against Ms. Stacks on two occasions and that he had a 2008 conviction in Coles County for escape from electronic monitoring, for which he served seven years in the Illinois Department of Corrections. The State further said that, since the initial

5

detention hearing, the defendant had been involved in an incident in which he allegedly assaulted another inmate while in custody on the present case. The State argued that the defendant posed a threat not only to Ms. Stacks but to the public at large.

¶ 15   The trial court denied the defendant's motion for relief, finding that Ms. Stacks's testimony did not credibly contradict the evidence presented by the officer and eyewitness regarding the February 18, 2025, incident. The court further found that, in light of the other recent incidents and a past violation of a no-contact order, the defendant continued to pose a danger to both Ms. Stacks and the public. At the conclusion of the hearing, the court found the defendant in contempt of court due to profanity and other conduct that showed disrespect to the court. The defendant timely appealed.

¶ 16                                    II. ANALYSIS

¶ 17   On appeal, OSAD was appointed to represent the defendant. OSAD did not file a memorandum but filed a notice in lieu of a Rule 604(h)(7) memorandum. "Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Therefore, our review is limited to the issues raised by the defendant in his motion for relief.

¶ 18   In his motion for relief, the defendant argued that he is not a threat to the victim or general public and that he should be released on conditions. The motion did not argue that the offense was non-detainable. Because the defendant's motion did not assert that he was charged with a non-detainable offense, that issue is waived under Illinois Supreme Court Rule 604(h)(2):

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

6

¶ 19    Now we turn to the defendant's contentions that he is not a threat to any person or the public, and if he were, that conditions could mitigate that threat. Additionally, the defendant asserts his counsel was ineffective at the original hearing concerning his detention.

¶ 20    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 21    Our standard of review of pretrial release determinations is twofold. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626,

7

¶ 54. However, where the trial court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *Id.* "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). Due to the live testimony presented at the continued detention hearings and the motion for relief hearing, our standard of review is manifest weight.

¶ 22   We have carefully reviewed the record, including the initial detention hearing and the hearing on the defendant's motion for relief. When ruling on the motion for relief, the trial court considered the reasons previously stated on the record at the initial detention hearing, the continued detention hearings, and the hearing on the motion for relief. The trial court heard testimonial evidence from the State, including information from Officer Laughhunn, an eyewitness account, and Ring doorbell footage depicting the defendant during and immediately after the offense. The eyewitness testified that the defendant attempted to pull Ms. Stacks from her vehicle, and the Ring camera footage corroborated that account. Officer Laughhunn also observed large marks on Ms. Stacks's neck immediately after the altercation. Additionally, during the motion for relief hearing, the trial court heard testimony from the victim and made a credibility determination. The record further reflects that the defendant has a criminal history involving violent or assaultive conduct, including an assault charge incurred while detained in the Coles County Safety and Detention Center on the present charges. Although the defendant argued that conditions such as electronic

8

monitoring or a no-contact order would be sufficient to ensure compliance, the trial court noted that the defendant had previously violated conditions of release in another case, undermining his claim that less restrictive measures would reasonably protect the public and the victim.

¶ 23    Based on these facts, the trial court found that the defendant is a threat not only to Ms. Stacks but also to the general public, and no condition or combination of conditions, including home confinement and electronic monitoring, could reasonably mitigate the danger the defendant posed to the victim and the community. An opposite conclusion is not clearly evident, or the finding itself is not unreasonable, arbitrary, or not based on the evidence presented. Therefore, we find that the trial court's decision to detain the defendant was not against the manifest weight of the evidence. *Morgan*, 2025 IL 130626, ¶¶ 38, 43.

¶ 24    The defendant additionally argues that his appointed counsel was ineffective for failing to inform the defendant that he may call a witness at his detention hearing. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Cathey*, 2012 IL 111746, ¶ 23. This requires a defendant to show "that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). A failure to satisfy either *Strickland* prong "precludes a finding of ineffective assistance of counsel." *People v. Henderson*, 2013 IL 114040, ¶ 11. As such, failure to establish prejudice is a sufficient basis to deny a claim of ineffective assistance of counsel. *People v. Jackson*, 2020 IL 124112, ¶ 91.

¶ 25    As we found in *People v. Drew*, 2024 IL App (5th) 240697, "[h]ere, at the pretrial release hearing stage of the proceeding, defendant cannot show a reasonable probability that the result of

the criminal process would have been different because no plea deal is at issue and defendant's trial has not been held." *Id.* ¶ 37. Accordingly, we hold that the defendant's claim of ineffective assistance of counsel fails as no prejudice can be shown.

¶ 26                                III. CONCLUSION

¶ 27    Based on the foregoing reasons, we affirm the trial court of Coles County's order granting the State's petition to deny pretrial release and the denial of the defendant's motion for relief and immediate release.


¶ 28    Affirmed.